■ In the Matter of FRIENDLY ICE CREAM CORPORATION, Respondent, v J. HOWARD BARRETT et al., Constituting the Zoning Board of Appeals of the Town of Clifton Park, Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered April 16, 1984 in Saratoga County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the Town of Clifton Park.

Petitioner proposes to build a restaurant in the Town of Clifton Park in Saratoga County on a triangular-shaped parcel of land located within a B-2 highway business zoning district. While signs are permitted within a B-2 district, there can be no more than two per establishment, and freestanding signs larger than six feet square must comply with the ordinance's setback requirements. Petitioner applied to respondents for variances permitting more than two signs and to erect a standing sign 142 feet from the highway instead of 155 feet as required by the zoning ordinance. Respondents granted a variance increasing the allowed number of signs to four but denied petitioner's application with respect to the freestanding sign.

Petitioner commenced a CPLR article 78 proceeding to annul that portion of respondents' determination which denied a variance permitting the erection of a freestanding sign 142 feet from the highway. Special Term granted petitioner the requested relief and this appeal by respondents ensued.

We begin, as we must, by reiterating the well-established rule that local zoning boards have discretion in considering applications for variances and the judicial function is a limited one (*Matter of Fuhst v Foley,* 45 NY2d 441, 444). Hence, our sole concern is whether there is substantial evidence to support the

determination reached by the zoning board (*id.*). We hold there is not.

Since freestanding signs are permitted within a B-2 district (Town of Clifton Park Zoning Ordinance, art XIV, §§ 1409 [2] [b]; 7 [a] [3]) and the only limitations deal with the number of signs and a setback requirement for signs larger than six feet square, the type of variance sought by petitioner was an area rather than a use variance. An area variance is one which does not involve a use which is prohibited by the zoning ordinance (2 Anderson, New York Zoning Law and Practice [3d ed], § 23.06, p 165). An applicant for an area variance need not prove unnecessary hardship, a burden carried by one who seeks a use variance (*Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257). Rather, an applicant for an area variance need only show that strict compliance with the zoning ordinance will cause practical difficulties (see *Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 606).

Here, the area is highly commercial in character with numerous freestanding signs in the immediate area of petitioner's property. Further, petitioner's original plans placed the freestanding sign in a location that was in compliance with the zoning ordinance, and such plans were altered at the request of the town's planning board to permit construction of a new road. Since the basic inquiry in an application for an area variance is whether strict application of the ordinance will serve a valid public purpose which outweighs the injury to the property owned (see *Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108), the zoning board must consider (1) how substantial the variance is in relation to the requirement, (2) whether a substantial change will be produced in the character of the neighborhood, (3) whether the difficulty can be obviated by some method feasible for the applicant to pursue other than a variance, and (4) whether, in view of the manner in which the difficulty arose, the interest of justice will be served by allowing the variance (see 2 Anderson, New York Zoning Law and Practice [3d ed], § 23.34, pp 208-209). Here, the area variance sought is in a highly commercial area where the erection of a freestanding sign will have no effect on the character of the neighborhood, no alternative solution is feasible, the 13-foot difference in the setback distance is insubstantial and petitioner's difficulty was caused by its accommodation to the town's request that it alter its original plans. In our view, Special Term properly granted petitioner's application.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.