■ In the Matter of JOSEPH PUTRINO, Petitioner, v ZONING

Board of Appeals of the Town of Union, Respondent.—
Mahoney, P. J. Proceeding pursuant to CPLR article 78
(transferred to this court by order of the Supreme Court at
Special Term, entered in Broome County) to review a determi-
nation of respondent which denied petitioner's application for
area variances.

In 1977, petitioner, a general contractor and builder in the
Town of Union, Broome County, obtained a building permit to
erect a two-family dwelling on property located in the commu-
nity of Endwell. During the course of construction, petitioner
decided to convert the structure into a four-family unit build-
ing without obtaining an additional building permit from
respondent. When petitioner completed the building in 1978,
he was unable to obtain a certificate of occupancy for a four-
family unit. In January 1984, petitioner submitted an applica-
tion to respondent to obtain area variances that would enable
him to use the building as a four-family unit. After a public
hearing was held, respondent denied petitioner's application
for area variances. This CPLR article 78 proceeding ensued
and was transferred to this court.

We have recently considered the judicial review of decisions
of local zoning boards pertaining to area variances. In *Matter
of Friendly Ice Cream Corp. v Barrett* (106 AD2d 748, 749), we
stated that since the basic inquiry in an application for an
area variance is whether strict application of the ordinance
will serve a valid public purpose which outweighs the injury
to the property owned: "the zoning board must consider (1)
how substantial the variance is in relation to the requirement,
(2) whether a substantial change will be produced in the
character of the neighborhood, (3) whether the difficulty can
be obviated by some method feasible for the applicant to
pursue other than a variance, and (4) whether, in view of the
manner in which the difficulty arose, the interest of justice
will be served by allowing the variance."

A review of the record reveals that respondent did not
conduct such an analysis. Instead, respondent apparently
refused to issue the variances solely because "the petitioner's
plight is due to self-imposed hardship". Self-imposed hardship
does not, in and of itself, preclude a zoning board from
granting an area variance *(Matter of De Sena v Board of
Zoning Appeals,* 45 NY2d 105, 108). Further, respondent's
findings are silent as to the presence of a feasible alternative
as well as to the magnitude of the requested variances in
relation to the requirements of the zoning ordinances. Since
this is a transferred CPLR article 78 proceeding, we do not

perceive it to be our duty to make findings de novo. Accordingly, the matter must be remitted to respondent.

Determination annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.