■ In the Matter of GEORGE P. WELCH, Respondent, v WALTER J. LAW et al., Constituting the Zoning Board of Appeals for the Town of Bolton, et al., Respondents, and ROBERT C. SCHUPP, Appellant.—Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Viscardi, J.), entered September 10, 1985 in Warren County, which granted

petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Town of Bolton Zoning Board of Appeals granting an area variance to respondent Robert C. Schupp.

Respondent Robert C. Schupp owns a one-family dwelling house on land in the Town of Bolton, Warren County. In April 1979, several years after Schupp purchased the property, the town enacted a zoning ordinance in which the properties of Schupp and petitioner, which adjoins on the south, were included in a residential-commercial medium density (RCM-1.3) district, requiring, *inter alia,* a 15-foot side-line setback. The side-line setback on the south side of the Schupp house was approximately 2 feet 7 inches, constituting a preexisting nonconforming use. In October 1983, Schupp contracted for renovations to his house which ultimately included a two-foot-wide catwalk along the south side of the structure to accommodate his wife's physical disabilities occasioned by a recent patellectomy and arthritis that restrict her mobility and make it difficult for her to traverse stairs. The catwalk is designed to provide ingress and egress to the house without use of stairs. Work was interrupted by the town as the result of petitioner's complaint that the catwalk would reduce the side-line setback from the preexisting 2 feet 7 inches to 1 foot 8 inches. Schupp obtained a new survey confirming these measurements and applied to the town's Planning Board for an 11-inch variance, based mainly upon the hardship presented by his wife's physical disability. The application was approved and, after hearings and an on-site inspection, the town's Zoning Board of Appeals granted the variance. Petitioner then commenced this CPLR article 78 proceeding which, after Schupp was added as a party, culminated in a judgment at Special Term annulling the determination. This appeal by Schupp ensued.

It is well settled that local zoning boards are entrusted with discretion in reviewing applications for area variances and the judicial role is limited to determining whether the board's action is illegal, arbitrary or an abuse of discretion *(Matter of Fuhst v Foley,* 45 NY2d 441, 444). The general rule is that it is incumbent upon an applicant to demonstrate that "strict compliance with the zoning ordinance will result in practical difficulties" *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). This court recently reiterated the pertinent guidelines for reviewing an area variance application in *Matter of Friendly Ice Cream Corp. v Barrett* (106 AD2d 748, 749) *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139-140; *Matter of Wachsberger v*

*Michalis,* 19 Misc 2d 909, 18 AD2d 921; 2 Anderson, New York Zoning Law & Practice § 23.34, at 208-209 [3d ed]).

These guidelines in mind, our examination of the record compels a reversal of the judgment and reinstatement of the determination by the Zoning Board of Appeals for the following reasons: (1) the premises already constitute a preexisting nonconforming use and the proposed variation of 11 inches is certainly inconsequential; (2) there will be neither a change in the character of the neighborhood, nor detriment created to neighboring property; (3) while there are alternatives such as reconstruction of the house to eliminate stairs and regrading of the lot to eliminate slopes, neither is feasible; and (4) the disability of Schupp's wife is not self-created. Moreover, unlike the factual circumstances in *Matter of Fuhst v Foley* (45 NY2d 441, *supra),* this is not an instance where the variance will merely serve the convenience of the applicant. The purported health benefit in *Fuhst* was plainly conjectural, with no correlation to property use *(supra,* at p 446; *see, Matter of Biellak v Zoning Bd. of Appeals,* 75 AD2d 435, 438-439). Not so here, where the proposed catwalk will serve to alleviate the mobility difficulties of Schupp's wife that are directly affected by her use of the property, which slopes steeply from west to east and includes a 3- to 4-foot drop off the kitchen doorway.

Given these circumstances, it is readily apparent that the public purpose promoted by a strict application of the ordinance is outweighed by the harm to the property owner in this case *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108). Considering all of the above criteria, the interests of justice will be served by allowing the 11-inch variance. We find the determination reached by the Zoning Board of Appeals, that Schupp's demonstrated practical difficulties warranted a variance, has a rational basis and is supported by substantial evidence in the record; it should therefore be confirmed *(see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314, *supra; Matter of Belluscio v Klein,* 65 AD2d 702; *cf. Matter of Biellak v Zoning Bd. of Appeals, supra).*

Judgment reversed, on the law, determination confirmed and petition dismissed, with costs against petitioner. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.