■ In the Matter of DONALD GIANCHETTA, Respondent, v BERNARD WILENS et al., Constituting the Zoning Board of Appeals of the Town of Woodstock, Appellants.—Mahoney, P. J. Appeal from a judgment and supplemental judgment of the Supreme Court at Special Term (Bradley, J.), entered

January 31, 1986 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to partially annul a determination of the Zoning Board of Appeals of the Town of Woodstock denying petitioner's application for a zoning variance.

Petitioner owns approximately 17 acres of land in the Town of Woodstock, Ulster County. The property is located in an R-1 district which consists primarily of one-family residences. The local zoning ordinance permits property owners to keep farm animals on their land if the property exceeds 10 acres, but such animals must be fenced in. The ordinance restricts the required fence to a height of no greater than four feet. When petitioner commenced a horse farm operation on his land, he erected a four-foot high electric fence. When the horses demonstrated an ability to escape over the fence, petitioner applied for an area variance that would permit him to build a five-foot high layered wood fence around the perimeter of his property and, in addition, a six-foot high stockade fence along two sides of his house and two sides of the barn.

At the hearing before the Town of Woodstock Zoning Board of Appeals on September 13, 1984, petitioner demonstrated by expert witnesses that the four-foot high fence was not adequate to prevent his horses from escaping and creating traffic hazards. Further, petitioner stated that the six-foot high stockade fence was necessary for health and safety reasons. In addition, petitioner stated that he had already spent $1,000 on the stockade fence and that he liked the way the fence looked. Thereafter, the Board granted petitioner's request for an area variance to place a five-foot high fence around the perimeter of his property, but denied his request to erect a six-foot high stockade fence around the house and barn.

Petitioner then commenced a CPLR article 78 proceeding seeking to annul the Board's determination as it pertained to the stockade fence. Special Term granted the petition and this appeal by respondents ensued.

We reverse. In an article 78 proceeding to review a decision of a zoning board of appeals, the only issue is whether that decision is arbitrary, contrary to law or unsupported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of Fiore v Zoning Bd. of Appeals, 21 NY2d 393). The reviewing court will not substitute its judgment for that of the local board unless it is demonstrated that the board acted arbitrarily or contrary to law (Matter of Agoglia v Glass, 35 AD2d 954, affd 29 NY2d 535). A town zoning board of appeals

has the power to grant an area variance where there are practical difficulties in the way of strict compliance with the zoning ordinance, the spirit of the ordinance will be observed notwithstanding the variance, and the public health, safety and welfare are secured. (Town Law § 267 [5]; *Matter of Hoffman v Harris,* 17 NY2d 138). The applicant has the burden of establishing practical difficulties *(Matter of Fuhst v Foley, supra).*

Here, it is undisputed that petitioner established that he suffered practical difficulties by strict compliance with the ordinance restricting the height of the fence around the perimeter of his property. He presented evidence that the horses were able to escape and constituted a personal and traffic hazard. It follows, therefore, that the Board acted properly in granting petitioner's request for an area variance allowing him to erect a five-foot high layered fence around his property.

However, petitioner failed to establish that he encountered practical difficulties by strict compliance with the zoning ordinance as it pertained to the inside fence adjacent to petitioner's house and barn. A careful review of the record reveals that, other than petitioner's bald assertions that health and safety reasons required the building of the stockade fence, there was no evidence to establish a need for such a fence. It would appear that the sole reason for the inside fence was for petitioner's personal privacy. It is well established that the frustration of a "purely personal objective" cannot constitute practical difficulties in complying with a local zoning ordinance *(Matter of Biellak v Zoning Bd. of Appeals,* 75 AD2d 435, 439). Next, petitioner's self-created financial hardship of expending $1,000 on the inside stockade fence before he realized that he needed a variance cannot satisfy the practical difficulties test needed to satisfy the zoning law requirements. All petitioner established at the hearing was that he was inconvenienced by the zoning restrictions. That is not enough *(see, Matter of Fuhst v Foley, supra,* p 447).

Judgments reversed, on the law, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.