■ In the Matter of DAVE VAN DENBURG, INC., Appellant, v TOWN OF BETHLEHEM BOARD OF APPEALS, Respondent.—Main, J. Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered August 26, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a use variance.

David Van Denburg purchased property located at 403 Delaware Avenue in the Town of Bethlehem, Albany County, in 1970. At that time, the structure on the property contained three apartments despite the fact that a maximum of two such units was permitted under the town's zoning for that area. In 1973, Van Denburg transferred this property to his corporation, which is the petitioner in this proceeding. Since that time, petitioner has modified the structure by adding three more units, bringing to six the total number of apartments in the building. At no time did petitioner obtain a variance for the installation of these additional apartments.

It was only after being approached by the town in 1984 that petitioner ultimately applied for a use variance so that it could legally rent all six units. After the public hearing that followed, respondent, noting the existence of dangerous and unsanitary conditions as well as parking and noise problems at the site, denied petitioner's request and instructed it to convert the building back into a three-unit dwelling. Petitioner then commenced this proceeding, but Special Term dismissed the petition.

On appeal, petitioner's sole argument is that respondent's determination was based upon criteria not contained in the town's zoning ordinance. This argument is devoid of any merit whatsoever. The ordinance in question specifically empowers respondent to deny a request for a variance where it finds that the condition for which the variance is sought would "be injurious to the neighborhood". Here, respondent found that

parking on the property was inadequate, that dangerous fire safety conditions existed in the building, and that an unsanitary condition existed in that the building's trash dumpster was consistently found to be overflowing and that rats had been seen coming from the dumpsters. Based upon all of these conditions, which were injurious to the neighborhood, respondent denied petitioner's application. As Special Term noted, "respondent thoughtfully considered appropriate criteria in reaching its determination. Evidence of the character of the neighborhood was considered as were factors including traffic and parking patterns, street access and sanitary problems." Since our review is limited to an examination of whether there is substantial evidence in the record to support respondent's determination, we now affirm Special Term's judgment in light of the fact that there has been no showing of illegality, arbitrariness or abuse of discretion on the part of respondent (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of Friendly Ice Cream Corp. v Barrett, 106 AD2d 748).

Judgment affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.