In the Matter of THEODORE CARCURO, Appellant, v JAMES MADIGAN et al., Constituting the Board of Zoning Appeals of the City of Schenectady, Respondents.—Casey, J.

In February 1984, petitioner purchased premises in the City of Schenectady which had been operated as a tavern for some

30 to 40 years prior to the former owner's death in July 1983. The neighborhood where the tavern was located had been zoned residential since at least 1955 and, therefore, the tavern was a nonconforming use. In July 1984, the city adopted a new zoning ordinance which provided, in essence, that if a nonconforming use was discontinued for a period of one year, it would be deemed abandoned. After purchasing the property, petitioner apparently expended money in renovating the premises in preparation for reopening the tavern. Petitioner obtained a liquor license from the State and, in May 1985, the city Department of Health issued a restaurant permit. Petitioner reopened the tavern in August 1985 and was advised shortly thereafter that his property no longer had nonconforming use status due to the passage of more than one year since the tavern had closed following the former owner's death. Petitioner sought a use variance from the city Zoning Board of Appeals. The Board denied his application and this CPLR article 78 proceeding ensued. Petitioner appeals from Special Term's dismissal of his petition seeking to annul the Board's determination.

Petitioner contends that the loss of the property's nonconforming use status amounted to an "automatic reversion" to a different zoning classification subject to the procedural rules set forth in General City Law § 83, which includes public notice and a hearing. We disagree. The statute authorizes a city to amend, supplement, repeal or change its zoning regulations and districts. Loss of the property's nonconforming use status, which requires that the property's use comply with the existing restrictions applicable to the area in which it is located, does not constitute a change in the city's zoning regulations or districts subject to the public notice and hearing requirements of General City Law § 83. We agree with the city's argument that petitioner knew or should have known of the property's nonconforming use status and that discontinuance of the use for a substantial period of time could effect the right to reinstitute the nonconforming use *(see, Matter of Paplow v Minsker,* 43 AD2d 122, 124). We reject petitioner's estoppel argument, which is based upon the city's issuance of the restaurant permit *(see, Matter of Rosbar Co. v Board of Appeals,* 53 NY2d 623).

Turning to the Board's determination on petitioner's application for a use variance, General City Law § 81 (4) provides: "Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of any [zoning] ordinance, the board of appeals shall have the power * * * to

vary or modify the application of any of the regulations or provisions of such ordinance relating to the use * * * of buildings or structures, or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done."

Although petitioner failed to submit "dollars and cents" proof to support his claim that he would receive no reasonable return on his property if the zoning ordinance was strictly applied (see, Matter of Crossroads Recreation v Broz, 4 NY2d 39, 44), the Board's denial of petitioner's application is not based upon the absence of unnecessary hardship. Nor did the Board make any factual findings or conclusions relative to the spirit of the ordinance, public safety and welfare, or substantial justice. Rather, the Board based its determination solely upon the complaints of some neighborhood residents who felt that the tavern was a nuisance. At the hearing, only two residents objected to the tavern, and the record contains one letter of complaint. In view of the absence of any factual findings or conclusions by the Board relative to the factors enumerated in General City Law § 81, particularly unnecessary hardship, the Board's determination is patently inadequate and must be annulled. In so doing, we reject the argument that the determination should be sustained since the Board would have been justified in finding no unnecessary hardship due to the lack of "dollars and cents" proof. Our review is limited to the ground invoked by the agency (Matter of Parkmed Assoc. v New York State Tax Commn., 60 NY2d 935), and that ground—the existence of some neighbors' complaints about the tavern—is legally insufficient. In order to permit appropriate development of the record so that the Board will have an adequate basis to make a determination upon proper grounds, the matter should be remitted to the Board for further proceedings.

Judgment reversed, on the law, without costs, determination annulled, and matter remitted to the Board of Zoning Appeals of the City of Schenectady for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.