■ In the Matter of ARTHUR G. KONTOGIANNIS et al., Appellants, v CHARLES B. FRITTS, as Chairman of the Town of Bethlehem Zoning Board of Appeals, et al., Respondents.— Mikoll, J. Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered September 9, 1986 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Bethlehem Zoning Board of Appeals denying petitioners' application for a use variance.

Petitioner Arthur G. Kontogiannis (hereinafter petitioner) is a building contractor and land developer in respondent Town of Bethlehem, Albany County (hereinafter the Town). In November 1973, the Town approved petitioner's request to develop and construct the Olympian Gardens residential subdivision consisting of 21 building lots, each with a duplex constructed thereon. The subdivision plan also provided for the construction of a two-story community recreation building on lots designated 28-30 Olympian Drive, along with a swimming pool and proposed tennis court. Occupants of this building were to have access to 19 parking spaces. Petitioner's original plan was to charge a fee of $100 per family per year for the use of the recreational facilities but only seven families ever participated in that plan. Consequently, the tennis court was never built. The swimming pool was operated for a few years but was closed in 1977 because of economic infeasibility.

Also in 1977, petitioner applied for and obtained a building

permit to construct two residential units on the second floor of the recreation building. The area was zoned for two-family dwellings but, effective October 27, 1984, the zoning was changed to the present single family. Petitioner also created an illegal third residential unit on the first floor, allegedly to house an employee, rent free, without obtaining the required municipal approval. Petitioner was prosecuted for zoning law violations and pleaded guilty. He then filed for a use variance requesting permission to convert the former recreation building into a multifamily, four-unit apartment building.

In July and September 1985, hearings were held before respondent Town of Bethlehem Zoning Board of Appeals (hereinafter the Board) with regard to petitioner's variance application. Evidence was presented as to petitioner's continued financial losses from the operation of the former recreation building. At the second hearing, necessary because petitioner failed to give some residents their required notice of the first hearing, six persons spoke in opposition to and two persons spoke in favor of petitioner's project. The Board denied the use variance application and petitioner timely commenced this CPLR article 78 proceeding. Special Term dismissed the petition and this appeal ensued.

The denial of petitioner's application for a use variance was arbitrary and capricious. Therefore, Special Term's judgment should be reversed and the Board's determination annulled.

Local zoning boards have broad discretion in considering applications for variances (see, *Matter of Friendly Ice Cream Corp. v Barrett,* 106 AD2d 748). The role of the judiciary is therefore necessarily limited and the sole concern of the reviewing court is whether there is substantial evidence to support the determination reached by the zoning board *(supra).* An applicant for a use variance has the burden of proving unnecessary hardship *(supra,* at 749). A use variance is "one which permits a use of land which is proscribed by the zoning regulations" (2 Anderson, New York Zoning Law and Practice § 23.05, at 164 [3d ed]). In order to obtain a use variance on the basis of hardship, the applicant must demonstrate that: "(1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality" *(Matter of Otto v Steinhilber,* 282 NY 71, 76; *see, Matter of Collins v Carusone,*

126 AD2d 847). Petitioner must establish all three elements of this "unnecessary hardship" test to prevail and a failure to meet any one factor would be sufficient for the Board to refuse petitioner's request *(see, supra)*.

The Board did not address whether petitioner met the first two elements of this test in its denial of the use variance request. The Board's conclusions of law did concern, *inter alia,* the third element of the test along with the Board's principal contention that petitioner's alleged hardships were self-created.

In its decision, Special Term agreed with the Board's conclusion that petitioner had not demonstrated any clear hardship and that the multifamily use proposed would not be in harmony with the intent and purpose of the ordinance and would be injurious to the residential character of the neighborhood. Special Term opined that it would not substitute its judgment for that of the Board in this matter. However, Special Term disagreed with the Board's conclusion that any hardship experienced by petitioner was self-created or self-imposed. Further, Special Term stated that the Board's finding that the grant of the variance would result in hazardous and inconvenient traffic and parking problems for the area was not supported by substantial evidence.

Special Term additionally found that petitioner failed to establish the first element of the "unnecessary hardship" test. The Board, however, made no findings on this issue. Our review is limited to the sufficiency of the grounds invoked by the agency involved *(see, Matter of Parkmed Assocs. v New York State Tax Commn.,* 60 NY2d 935; *Matter of Carcuro v Madigan,* 124 AD2d 294).

Turning to the Board's principal conclusion that petitioner's hardship was self-created, we find it is clearly without merit. The record establishes that petitioner did not construct the recreation building in 1974 with the goal of converting it into a multifamily dwelling several years down the line. The evidence demonstrates that the original purpose of the recreational building became obsolete. In such circumstances, the grant of a use variance may be appropriate *(see, Matter of Fiore v Zoning Bd. of Appeals,* 21 NY2d 393, 396).

Special Term correctly ruled that the Board's conclusory findings relating to potential health, traffic and parking problems, if the use variance was granted, are without support in the record. The only evidence supporting the Board's conclusions on this issue came from nonexpert opposition witnesses

at the second hearing. There was no evidence of the kind of dangerous or unsanitary conditions that would be injurious to the neighborhood *(see, Matter of Dave Van Denburg, Inc. v Town of Bethlehem Bd. of Appeals,* 122 AD2d 471).

We find no merit in the Board's remaining ground for denying petitioner's variance application, that the proposed multifamily use will not be in harmony with the intent and purpose of the Town's zoning ordinance, which is the third element of the "unnecessary hardship" test. Although Special Term agreed with the Board on this issue, the Board's findings are not supported by substantial evidence in the record and its determination should be annulled. "If the variant use is compatible with the area, it will not change the essential character thereof, although it is inconsistent with the zoning restrictions of the district" (2 Anderson, New York Zoning Law and Practice § 23.29, at 198 [3d ed]). No exterior changes were to be made in the recreational building which would alter its appearance. When the development was constructed in 1973, the area was zoned for two-family residences. Although a multifamily structure would not be permitted under the present zoning ordinances, there is no showing that the essential character of the neighborhood would be altered by the grant of petitioner's application.

In light of the fact that the Board did not address the first two factors of the "unnecessary hardship" test, namely, whether petitioner's land could yield a reasonable return if used only for a purpose permitted in that zone and whether petitioner's plight is due to unique circumstances, the matter should be remitted to the Board for further proceedings.

Judgment reversed, on the law, without costs, determination annulled and matter remitted to respondent Town of Bethlehem Zoning Board of Appeals for further proceedings not inconsistent herewith. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.