■ In the Matter of Simms Taback, Appellant, v Town of

Woodstock Zoning Board of Appeals, Respondent.—Kane, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered December 18, 1986 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for an area variance.

Petitioner owns a 3.7-acre parcel of wooded land in the Town of Woodstock, Ulster County. In the fall of 1979, petitioner began constructing a three-story vacation home which was 31 feet high. The local zoning ordinance governing petitioner's property (Town of Woodstock Zoning Ordinance § IV, subsection B, Area and Bulk Schedule, item 7A [hereinafter the zoning ordinance]) limited the height of residential buildings to 2½ stories and 35 feet. Accordingly, petitioner's design violated the 2½-story requirement but complied with the total height standard. Under the zoning ordinance, petitioner's three-floor design would have met the 2½-story requirement if the walls of his third story were three feet shorter (creating an "attic"), thus changing the angle of the roof but retaining the original, conforming height.

Petitioner apparently did not know the three-story design violated the zoning ordinance when construction began and he applied for a building permit in October 1979. On November 7, 1979 the town building inspector denied the permit, but by that time petitioner had already completed the framing of the nonconforming third floor. When he denied the permit, the town building inspector advised petitioner to request a variance and informed petitioner that a variance was "no big deal" because the house was "well within the intent of the zoning provisions". Due to the approach of winter, petitioner acted quickly. Petitioner requested a variance, submitted a second application for a building permit with a 2½-story version of the house, and continued construction of the original design. The building inspector issued a building permit on November 23, 1979 based on the amended plans. The house, measuring 28 feet by 14 feet at the base and 14 feet by 14 feet at the third-floor level, was sited near the middle of the 3.7-acre parcel and was not visible from neighboring borders. Petitioner finished building the nonconforming three-floor design on the belief he would receive the variance.

After conducting a public hearing on January 10, 1980, respondent denied the variance. In its decision, respondent found against petitioner because "he has not been denied reasonable use of his land [and] has no practical difficulty or hardship, other than that which is self-imposed". Six years

later, on March 13, 1986, respondent held another hearing on petitioner's request for a variance, which petitioner needed to obtain a certificate of occupancy, based on new evidence. The new evidence before respondent consisted of the fact that another nonconforming three-story residence had been built and a realtor's appraisal letter. The realtor said the value of petitioner's property was $95,000 with the certificate of occupancy and "close to unsaleable" without. Respondent concluded "that the applicant presented no new evidence" and affirmed the 1980 decision. Petitioner commenced the instant CPLR article 78 proceeding in Supreme Court to annul the 1986 decision. Supreme Court denied the petition and this appeal ensued.

Petitioner argues that respondent failed to consider the proper criteria for "area variance" applications and, accordingly, its sole reliance on petitioner's self-created hardship was erroneous *(see,* 2 Anderson, New York Zoning Law & Practice § 23.44, at 229-235 [3d ed]). Respondent admits that a denial of an area variance solely on the applicant's self-imposed hardship is improper, but argues that other factors supported the decision. In particular, respondent claims that petitioner's "willful defiance and disregard of the zoning restrictions" amounted to "fraud" and "egregious bad faith".

A review of the record reveals that respondent's decision denying petitioner's application after rehearing the issue was arbitrary (2 Anderson, New York Zoning Law & Practice § 25.37, at 362-363 [3d ed]). In order to be granted an area variance, petitioner was required to show that strict compliance with the zoning ordinance would cause practical difficulties *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 606-607; 2 Anderson, New York Zoning Law & Practice §§ 23.05, 23.06, 23.33, 23.34, at 164-167, 204-210). Such standard for an area variance is intentionally less demanding than the showing necessary to obtain a use variance *(Matter of Consolidated Edison Co. v Hoffman, supra).*

Strict application of the zoning ordinance in this case would cause petitioner practical difficulties. Petitioner's home violates the ordinance only because the angle of his roof is too shallow, as the over-all height of the three-story building conforms to the zoning ordinance. But to enforce the 2½-floor requirement would force petitioner to rebuild the entire third floor at considerable expense *(see, Matter of Stapen v Siegel,* 105 AD2d 841, *lv denied* 64 NY2d 611; *Matter of Wachsberger v Michalis,* 19 Misc 2d 909, *affd* 18 AD2d 921).

Having shown practical difficulties, the burden shifted to

respondent to prove that "the public health, safety and welfare [would] be served by upholding the application of the [ordinance] and denying the variance" *(Matter of Fulling v Palumbo,* 21 NY2d 30, 33). Respondent has not come forward with evidence to fulfill its burden. Petitioner's violation is technical, since it is still within the height maximum and cannot be seen by the neighbors. Moreover, respondent admits "that the existing residence of [petitioner] will probably not have a severe adverse impact on the neighborhood and that the deviation from the requirements of the ordinance is not going to seriously affect the public health or safety". Rather, respondent relies solely on the contention that petitioner's conduct was willful and should, therefore, not be rewarded with the variance. This argument is not supported by the record. There is no evidence that petitioner built the house with knowledge of its nonconformity until the third floor was already framed. Only then, due to the onset of winter and relying on the town building inspector's assurances, did petitioner continue. In sum, the public purpose promoted by application of the zoning ordinance is outweighed by the harm to the property owner in this case *(see, Matter of Welch v Law,* 121 AD2d 808; *Matter of Belluscio v Klein,* 65 AD2d 702). The judgment should therefore be reversed and the petition granted.

Judgment reversed, on the law and the facts, without costs, determination annulled and petition granted. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.