■ In the Matter of ROSEMARY F. NARDONE, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF LLOYD, Appellant. —Harvey, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered November 19, 1987 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent, *inter alia,* imposing limitations and conditions on its grant to petitioner of an area variance.

Petitioner owns two parcels in the Town of Lloyd, Ulster County. One parcel is three eighths of an acre and has an old 9,000-square-foot ice house sitting on it. The other parcel is approximately one acre in size and has an old bus garage on it which occupies 9,600 square-feet of the parcel. Petitioner wanted to convert both structures into apartment buildings. Both structures, however, are located in an R1/4 zoning district which does not allow multifamily dwellings and which restricts the number of residential units to one per quarter of

an acre. Petitioner thus applied to respondent for both use and area variances. On the bus garage parcel, petitioner sought a variance for construction of 12 one-bedroom and three two-bedroom apartments. Petitioner sought a variance on the ice house parcel for six two-bedroom apartments. Respondent granted use variances on the parcels and it granted area variances to the extent that it authorized the construction of 12 one-bedroom apartments on the bus garage parcel and five two-bedroom apartments on the ice house parcel. Respondent added a condition that a shed on the bus garage parcel be removed. Dissatisfied that she would not be allowed to build all the apartments she had planned, petitioner commenced this CPLR article 78 proceeding. Supreme Court found respondent's determination not to grant approval for all the apartments petitioner sought to build to be arbitrary and thus granted the petition. Respondent appeals.

We reverse. A determination of a local zoning board of appeals should not be disturbed in the absence of a showing that it was illegal, arbitrary or not supported by substantial evidence (Matter of Fuhst v Foley, 45 NY2d 441, 444). The dispute here centers on whether respondent acted irrationally in reducing the number of apartment units sought by petitioner in its approval of the area variances. In order to be granted an area variance, a petitioner must submit proof that continued compliance with the zoning requirements would cause practical difficulties (Matter of Consolidated Edison Co. v Hoffman, 43 NY2d 598, 606-607; Matter of Taback v Town of Woodstock Zoning Bd. of Appeals, 134 AD2d 783, 785). Here, respondent found that strict enforcement of the zoning regulations would cause practical difficulties. However, in considering and weighing factors related to the impact of the granting of the variance on the neighborhood, respondent approved the variance subject to reducing the number of units to be built. The variance, as granted, permits petitioner to obtain a reasonable return on both parcels. While the granting of the variance in its entirety would have enabled petitioner to realize a higher profit or keep rental costs lower, these factors do not render respondent's determination irrational.

Petitioner argued below, and Supreme Court agreed, that respondent erroneously applied the planned residential districts (hereinafter PRD) density formula and that, instead, the density formula for a commercial business zone should have been applied. Although the parcels in question are contiguous to a commercial zone, they are nevertheless in a residential zone. It certainly was not irrational for respondent to refuse

to apply a density formula for a commercial business zone to a residentially zoned area. With respect to the PRD density formula, petitioner argued that it should not have been considered by respondent since it applies to new construction in a residential zone rather than renovating existing structures. Respondent acknowledged that the PRD formula did not strictly apply to petitioner's parcel and thus ostensibly used the PRD formula only as a guideline, increasing the maximum density which would have been allowed under the PRD formula. The PRD formula would have limited construction to 11 one-bedroom units on the bus garage parcel and three two-bedroom units on the ice house parcel. Petitioner was granted a variance to build 12 one-bedroom units on the garage parcel and five two-bedroom units on the ice house parcel. Respondent's determination had a rational basis and was within its discretion of determining appropriate limitations on the magnitude of the variance granted.

Supreme Court also found error in the parking spaces petitioner required and in the requirement that a shed on the bus garage parcel be removed. Respondent is empowered to impose conditions upon a variance provided they are reasonably related to the proper objectives of zoning and "directly related to and incidental to the use of the land" (2 Anderson, New York Zoning Law and Practice § 23.55, at 246 [3d ed]; *see, Matter of St. Onge v Donovan,* 71 NY2d 507, 516; *cf., Matter of Clinton v Summers,* 144 AD2d 145, 147). The conditions imposed by respondent relative to the parking facilities at the ice house parcel and the demolition of the shed at the bus garage parcel are directly related to and incidental to the use of the parcel. It was within respondent's discretion to assess the impact that increased off-street parking might have on the residential character of the neighborhood or perhaps even on the flow of traffic *(see generally, Matter of Cowan v Kern,* 41 NY2d 591, 595-596). Likewise, respondent was free to determine that the demolition of the shed and its substitution with green space would help maintain the residential character of the neighborhood *(supra).*

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.