■ In the Matter of ROSEANN DE MARCO, Respondent, v PASQUALE J. CURCIO et al., Constituting the Zoning Board of Appeals of the Town of Babylon, Appellants.—In a proceeding pursuant to CPLR article 78 to review an amended determination of the Zoning Board of Appeals of the Town of Babylon, dated August 7, 1986, which denied the petitioner's application for a variance to construct a one-story extension to a residence and to maintain an existing shed and a five-foot fence, the appeal is from so much of a judgment of the Supreme Court, Suffolk County (Brown, J.), dated March 30, 1988, as annulled the amended determination and directed that the respondents issue an area variance to the petitioner.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the amended determination is confirmed and the proceeding is dismissed on the merits.

The petitioner owns a lot on the corner of William Street and Copiague Place in the Hamlet of Copiague, Town of Babylon, on which is constructed a 1½-story residence which she occupies with her family. The petitioner's property is located in a "C" residential district. On April 9, 1985, she applied, *inter alia,* for an area variance to construct a 16-foot-by-35-foot one-story extension to the structure, thereby adding three rooms to the building. The variance sought by the petitioner included a request to reduce the front yard setback on William Street from 30 feet to 9.1 feet. It is uncontroverted that this request is necessitated by the fact that the petitioner's lot is a corner lot.

The petitioner also requested a reduction in the front yard setback on Copiague Place from 30 feet to 25 feet. This latter variance is required to conform the building line of the completed addition to the existing building line.

"To be granted an area variance, the applicant must satisfy the less demanding standard of showing that strict compliance with the zoning law will cause 'practical difficulties' (see, e.g., *Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers,* 17 NY2d 249, 255; *Matter of Village of Bronxville v Francis,* 1 AD2d 236, affd 1 NY2d 839)" *(Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 606).

At the hearing before the respondent members of the Zoning Board of Appeals of the Town of Babylon (hereinafter the Zoning Board), the petitioner's husband testified that the addition was being constructed to provide a residence for his "ailing" mother. The Zoning Board denied the variance application, concluding, *inter alia,* that the petitioner had not shown practical difficulties justifying the relief sought. Subsequently, the appellants' determination was annulled by the Supreme Court.

Judicial review of a determination by a zoning board is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion *(Matter of Fuhst v Foley,* 45 NY2d 441). The zoning board's determination will ordinarily be sustained if the determination has a rational basis and is supported by substantial evidence *(Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 138-139, *affd* 67 NY2d 702).

Upon the present record, it cannot be said that the Zoning Board acted arbitrarily, capriciously or unreasonably in concluding that the petitioner had not demonstrated such "practical difficulties" as would justify a variance. We do not find that it was an improvident exercise of discretion to deny the petitioner's application, where that application was entirely based on the bald, unsubstantiated assertion that the petitioner's mother-in-law was "ailing" *(see, Matter of Fuhst v Foley, 45 NY2d 441, supra; cf., Matter of Welch v Law, 121 AD2d 808)*. Accordingly, the Supreme Court, in annulling the appellants' determination, improperly substituted its own judgment for that of the appellants *(see, Matter of Frishman v Schmidt, 96 AD2d 1043, affd 61 NY2d 823)*. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.