■ In the Matter of AL W. BURKHARDT, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF PUTNAM VALLEY,

Respondent.—Yesawich, Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Dickinson, J.), entered September 27, 1989 in Putnam County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent partially denying petitioner's request for an area variance.

Petitioner, the owner of lakefront property in Putnam County, applied to respondent for an area variance. The lot involved currently contains a one-family residence and boathouse. Petitioner wished to erect a 28-foot by 40-foot garage within five feet of his northerly property line. The garage would house petitioner's four cars, a motorhome, two trailers, three boats, three jetskis, a wetjet, snow scoots, a snowmobile, two all terrain vehicles, a dumptruck, plow and a backhoe. Petitioner sought a 35-foot variance of a 40-foot sideyard setback. Respondent granted petitioner's request to the extent of allowing a 20-foot variance, thereby enabling him to construct a 28-foot by 20-foot garage.

This CPLR article 78 proceeding, instituted by petitioner, charged that respondent's determination was arbitrary, capricious and an abuse of discretion. Supreme Court disagreed, as do we.

Petitioner's claimed hardship stems from a wish to store a multitude of cars, recreational vehicles and sporting equipment on his property. A hardship created by the landowner's personal desires is not generally the type of "practical difficulty" that warrants an area variance (see, Matter of Fuhst v Foley, 45 NY2d 441, 446; Matter of Biellak v Zoning Bd. of Appeals, 75 AD2d 435, 438-439). As petitioner's asserted hardship lacks any nexus to the use of the property as a residence, a larger variance than that which has been accorded is unwarranted (see, Matter of Fuhst v Foley, supra).

And, petitioner's contrary contention notwithstanding, aesthetic factors did not impermissibly influence respondent's determination (see, Matter of De Sena v Board of Zoning Appeals, 45 NY2d 105, 109). Rather, respondent carefully considered the substantial size of the variance request, the potential negative impacts on neighboring properties (which might not always be owned by such accommodating individuals), the manner in which the hardship arose and the availability of an alternative method of addressing the problem (cf., Matter of Putrino v Zoning Bd. of Appeals, 115 AD2d 932, 933). There is therefore no reason to disturb respondent's

prudent middle-ground solution *(see, Nardone v Zoning Bd. of Appeals,* 144 AD2d 807, 808).

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.