■ In the Matter of GEORGE A. BROWN et al., Appellants, v

THEODORE TURNER, as Chairman of the Town of Queensbury Zoning Board of Appeals, et al., Respondents.—Appeal from a judgment of the Supreme Court (Dier, J.), entered November 22, 1991 in Warren County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Town of Queensbury denying petitioners' request for an area variance.

We reject petitioners' contention that the denial of their application for an area variance by the Zoning Board of Appeals of the Town of Queensbury was illegal, arbitrary or an abuse of discretion (see, Matter of Stengel v Town of Woodstock Zoning Bd. of Appeals, 155 AD2d 854). Petitioners failed to demonstrate either practical difficulty, or significant economic injury (see, Matter of Nash v Denison, 175 AD2d 436). With respect to the issue of practical difficulty the variance sought was substantial (see, Matter of Burkhardt v Zoning Bd. of Appeals, 169 AD2d 977) and petitioners failed to show that they could not use their property without coming into conflict with the ordinance (see, Matter of Sbuttoni v Town of E. Greenbush Zoning Bd. of Appeals, 172 AD2d 940). In addition, although the ordinance was apparently passed just prior to petitioners' purchase of the property, they admitted that they considered the possibility of subdivision at the time of purchase but did not inquire as to zoning restrictions. The Board also noted that strict application of the ordinance would not deprive petitioners of the reasonable use of the land as it existed and that the variance would be materially detrimental to the ordinance's purpose. The Board considered the relevant factors in making its decision (see, Matter of Friendly Ice Cream Corp. v Barrett, 106 AD2d 748). Given that it is not for this Court to substitute its judgment for that of the Board (see, Matter of Gianchetta v Wilens, 122 AD2d 317) and that the Board's conclusions cannot be said to lack a rational basis (see, Matter of Stengel v Town of Woodstock Zoning Bd. of Appeals, supra), Supreme Court properly upheld the Board's decision.

As to the question of economic injury, there is simply no evidence of any in the record (see, Matter of Braslow v Curcio, 152 AD2d 734). The fact that the property could be used more profitably with an area variance that would permit subdivision does not mean that the denial was arbitrary or capricious (see, Matter of Johansen v Ochsie, 158 AD2d 886). Petitioners' remaining contentions have been considered and rejected as unpersuasive.

Mikoll, J. P., Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.