■ In the Matter of CONCERNED CITIZENS OF PERINTON, INC., Appellant, et al., Petitioner, v TOWN OF PERINTON et al., Respondents. [689 NYS2d 812] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to respondent Town of Perinton Zoning Board of Appeals for further proceedings in accordance with the following Memorandum: In this hybrid declaratory judgment action/ CPLR article 78 proceeding, petitioners seek judgment declaring chapter 140 of the Perinton Town Code null and void to the extent that it regulates the storage of motor homes and other recreational vehicles, and annulling the determination of respondent Town of Perinton Zoning Board of Appeals (ZBA) denying the application of petitioner Emeliano F. Nisco for a special permit to store his recreational vehicle in his driveway. Supreme Court properly concluded that the challenged ordinance is "a reasonable exercise of the [Town of Perinton's] police powers" (*Matter of Suddell v Zoning Bd. of Appeals*, 36 NY2d 312, 315) and that Nisco's prior nonconforming use is not "constitutionally protected" from the operation of the ordinance (*see, Town of Plattekill v Dutchess Sanitation*, 56 AD2d 150, *affd* 43 NY2d 662). The record, however, fails to support the court's further conclusion that the ZBA's denial of Nisco's application for a special permit is rational and based upon substantial evidence. Because the ZBA failed to articulate the reasons for its determination, we modify the judgment by annulling the determination upholding the denial of Nisco's application for a special permit, and we remit the matter to the ZBA for redetermination of the application and, if it is so advised, to issue a permit subject to special conditions (*see, Matter of Carcuro v Madigan*, 124 AD2d 294, 296). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.— CPLR art 78.) Present—Denman, P. J., Green, Pigott, Jr., Scudder and Callahan, JJ.