# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**134**

**CA 14-00832**

PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF PEOPLE, INC. AND S SPOTH, LLC,
PETITIONERS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

CITY OF TONAWANDA ZONING BOARD OF APPEALS,
RESPONDENT-APPELLANT.

---

FRANCIS C. AMENDOLA, BUFFALO, FOR RESPONDENT-APPELLANT.

HOPKINS & SORGI, PLLC, WILLIAMSVILLE (SEAN W. HOPKINS OF COUNSEL), FOR
PETITIONERS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (Tracey A. Bannister, J.), entered January 21, 2014 in a
proceeding pursuant to CPLR article 78.  The judgment granted the
petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum:  Respondent appeals from a judgment that, inter alia,
granted the CPLR article 78 petition and annulled the determination of
respondent denying petitioners' application for two area variances.
We agree with respondent that Supreme Court erred in granting the
petition, and we therefore reverse.

It is well settled that the determination whether to grant or
deny an application for an area variance is committed to the broad
discretion of the applicable local zoning board (*see Matter of Ifrah v
Utschig*, 98 NY2d 304, 308; *Matter of Shokrian v Zoning Bd. of Appeals
of City of Long Beach*, 32 AD3d 961, 961).  Consequently, when
reviewing the denial of an application for an area variance,
"[j]udicial review [of such a determination] is . . . limited to the
issue 'whether the action taken by the [board] was illegal, arbitrary,
or an abuse of discretion' . . . [, and the b]oard's determination
should therefore be sustained so long as it 'has a rational basis and
is supported by substantial evidence' " (*Matter of Dietrich v Planning
Bd. of Town of W. Seneca*, 118 AD3d 1419, 1420; *see Matter of Pecoraro
v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613).  A
reviewing court may not substitute its judgment for that of a local
zoning board (*see Matter of Goldberg v Zoning Bd. of Appeals of City
of Long Beach*, 79 AD3d 874, 877), "even if there is substantial

evidence supporting a contrary determination" (*Matter of Conway v Town of Irondequoit Zoning Bd. of Appeals*, 38 AD3d 1279, 1280).

Here, the record establishes that respondent reviewed the appropriate statutory factors in making its determination (*see* General City Law § 81-b [4] [b]), and concluded that the application should be denied because, inter alia, the variances would cause an undesirable change to the character of the neighborhood, the variances are substantial, and petitioners' hardship is self-created (*see* § 81-b [4] [b] [i], [iii], [v]). Specifically, there is substantial evidence in the record supporting respondent's conclusion that granting the variances would cause increased population density from the presence of an apartment building in a neighborhood comprised of single-family homes (*see Matter of Bivona v Town of Plattekill Zoning Bd. of Appeals*, 268 AD2d 877, 879-880), that the variances necessary to accommodate an apartment building would be substantial (*see Pecoraro*, 2 NY3d at 614), and that the petitioners' difficulty was self-created because they were aware of the property's zoning classification when they purchased the property (*see Ifrah*, 98 NY2d at 309; *cf. Matter of Swan v Depew*, 167 AD2d 835, 836). Inasmuch as respondent "rendered its determination after considering the appropriate factors and properly weighing the benefit to petitioner[s] against the detriment to the health, safety and welfare of the neighborhood or community if the variances were granted" (*Matter of DeGroote v Town of Greece Bd. of Zoning Appeals*, 35 AD3d 1177, 1178; *see Matter of Concerned Citizens of Perinton v Town of Perinton*, 261 AD2d 880, 880, *appeal dismissed* 93 NY2d 1040, *cert denied* 529 US 1111), we agree with respondent that the court erred in granting the petition.

Entered: March 20, 2015                                    Frances E. Cafarell
                                                          Clerk of the Court