Matter of Davis v Zoning Bd. of Appeals of City of Buffalo (2019 NY Slip Op 08074)





Matter of Davis v Zoning Bd. of Appeals of City of Buffalo


2019 NY Slip Op 08074


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1047 CA 18-01597

[*1]IN THE MATTER OF SUSAN DAVIS AND SANDRA GIRAGE, PETITIONERS-APPELLANTS,
v
ZONING BOARD OF APPEALS OF CITY OF BUFFALO, PLANNING BOARD OF CITY OF BUFFALO, AND AFFINITY ELMWOOD GATEWAY PROPERTIES, LLC, RESPONDENTS-RESPONDENTS. 






LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (JESSICA M. LAZARIN OF COUNSEL), FOR RESPONDENTS-RESPONDENTS ZONING BOARD OF APPEALS OF CITY OF BUFFALO AND PLANNING BOARD OF CITY OF BUFFALO.
BOND SCHOENECK & KING PLLC, BUFFALO (STEVEN J. RICCA OF COUNSEL), FOR RESPONDENT-RESPONDENT AFFINITY ELMWOOD GATEWAY PROPERTIES, LLC. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered November 20, 2017 in a proceeding pursuant to CPLR article 78. The judgment denied and dismissed the amended petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Respondent Affinity Elmwood Gateway Properties, LLC (Affinity) proposed to construct a mixed-use, four-story building at the corner of Elmwood Avenue and Forest Avenue in the City of Buffalo. The project called for the demolition of 14 existing structures within a district listed on the National Register of Historic Places. Respondent Zoning Board of Appeals of City of Buffalo (ZBA) granted eight variances for the project. Respondent Planning Board of City of Buffalo (Planning Board) was the lead agency for purposes of the State Environmental Quality Review Act (SEQRA) and, after determining that the project was in compliance with SEQRA's mandates, it granted site plan and minor subdivision approval for the project. Petitioners commenced this CPLR article 78 proceeding seeking to annul the determinations of the ZBA and the Planning Board. Supreme Court denied and dismissed the amended petition, and we now affirm.
Contrary to petitioners' contention, the notices of the public hearings held by the ZBA were adequate (see General City Law § 81-a [7]). The notices listed the dates and times of the hearings; indicated that they were for "variances" or "variance applications" regarding the construction of a "mixed use building" at the relevant property address; and listed a website address, telephone number, and email address for the public to obtain further information. The notices were thus sufficient to "fairly apprise[] the public" of the variances sought by Affinity (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 678 [1996]; see Dawley v Town of Tyre, 43 Misc 3d 1222[A], 2014 NY Slip Op 50752[U], *5 [Sup Ct, Seneca County 2014]). Also contrary to petitioners' contention, the ZBA provided an adequate opportunity to members of the public to express their opinions during those hearings. Because the hearings were heavily attended, the ZBA imposed a three-minute time limit per speaker, and it closed one hearing before every member of the public was able to speak. Nevertheless, the ZBA indicated [*2]that it would accept all written comments. We conclude that those restrictions were reasonable in nature and allowed the public an opportunity to be heard (see generally § 81-a [7]).
Petitioners further contend that the ZBA did not comply with General City Law § 81-b (4) in granting the variances. "[T]he determination whether to grant or deny an application for an area variance is committed to the broad discretion of the applicable local zoning board" (Matter of People, Inc. v City of Tonawanda Zoning Bd. of Appeals, 126 AD3d 1334, 1335 [4th Dept 2015]). Here, the ZBA's determination to grant the variances has a rational basis and is supported by substantial evidence, and it is not illegal, arbitrary, or an abuse of discretion (see generally id.). The ZBA "rendered its determination after considering the appropriate factors and properly weigh[ed] the benefit to [the applicant] against the detriment to the health, safety and welfare of the neighborhood or community if the variances were granted" (Matter of DeGroote v Town of Greece Bd. of Zoning Appeals, 35 AD3d 1177, 1178 [4th Dept 2006]; see § 81-b [4] [b]).
Petitioners next contend that the Planning Board did not comply with the substantive requirements of SEQRA inasmuch as it neither took the requisite hard look at identified historic resources as an area of environmental concern nor provided a reasoned elaboration for its determination. We reject that contention. It is well settled that "[j]udicial review of an agency determination under SEQRA is limited to whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007] [internal quotation marks omitted]; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]). The record establishes that the Planning Board complied with those requirements (see Matter of Eisenhauer v County of Jefferson, 122 AD3d 1312, 1313 [4th Dept 2014]). The Planning Board initially issued a positive declaration pursuant to SEQRA inasmuch as the project "has the potential to result in a substantial impact on the neighborhood character." The Planning Board informed the New York State Office of Parks, Recreation and Historic Preservation (SHPO) of the project as an interested agency. SHPO responded and noted that the project involves, inter alia, the demolition of various structures, and it recommended that the "impacts to important historic resources be considered in your review." SHPO also subsequently responded that the project would "significantly and negatively alter[] the character of the surrounding historic districts." The Planning Board prepared a final environmental impact statement and addressed the concerns raised by SHPO, but ultimately disagreed with that agency and concluded that the demolition of the structures would not have a significant adverse impact on the historic resources on or adjacent to the site. The record reflects that the Planning Board conducted a lengthy and detailed review of the project, including its evaluation of the potential impacts to historic resources, and its written findings demonstrate that it provided a reasoned elaboration for its determination. Its determination must be upheld inasmuch as it is not arbitrary, capricious, or unsupported by substantial evidence (see Jackson, 67 NY2d at 417).
We have considered petitioners' remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court