■ In the Matter of FRANK SOFO et al., Respondents, v ALLAN EGAN et al., Constituting the Zoning Board of Appeals of the Town of Yorktown, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant board, dated March 25, 1976 and made after a public hearing, which denied petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County, entered July 7, 1976, which, *inter alia,* annulled the determination. Judgment reversed, on the law, determination confirmed, and petition dismissed on the merits, with costs. In 1973 and 1974 petitioners purchased five lots, Nos. 190, 191, 196, 216 and 217 of Parcel 61 on the tax map of the Town of Yorktown. Lot 196 is isolated. Lots 190 and 191 are contiguous, as are Lots 216 and 217. However, the lots were placed in the names of different petitioners or combinations of petitioners, so that no two contiguous parcels are under the same ownership. Three of the parcels were purchased for

$1,500 each. Another of the parcels was purchased for $2,000. The purchase price of the fifth parcel does not appear in the record. Neither does the fair market value of these parcels appear, although there is evidence tending to show that another 5,000 square foot parcel owned by petitioner Peter Simone, and not involved in this proceeding, was worth $12,000 as a buildable lot. At the time the petitioners bought the parcels, the area required for home construction was 20,000 square feet. Between 1958 and 1970 the area requirement was 10,000 square feet. Prior to 1958 it was permissible to build on parcels the size of petitioners'. At the time the area requirement was increased from 5,000 to 10,000 square feet, the following provision was enacted: "A permit may be issued for the erection of a building on a (substandard) lot or parcel for which a valid conveyance has been recorded or contract of sale has been signed and the conveyance recorded prior to August 19, 1958 * * * provided that the owner of such lot or parcel does not own other lots or parcels contiguous thereto." It was petitioners' intention to build houses on their lots and to then sell them at a profit. Accordingly, they sought building permits for their parcels but their applications were rejected by the building inspector. Petitioners then applied to the appellant zoning board for area variances. The board denied their applications. The Special Term thereafter granted the petition, annulled the determination, and ordered that area variances and building permits issue. We reverse. We agree with the board's interpretation of the above-quoted "grandfather clause", to wit, that only those who owned the parcels at the time they were rendered substandard by increased area requirements have the right to build on such parcels. Petitioners here, having bought their parcels at least 15 years after they became substandard, are not benefited by such clause. Nor can it be said that the board's determination was arbitrary and capricious in the light of evidence before the board that: (1) the variances sought were quite substantial, the parcels being one fourth the presently required size; (2) the granting of variances would exacerbate existing problems with governmental facilities and would lead to increased drainage damage of surrounding parcels; (3) the granting of the variances would effectively double the number of developed 5,000 square foot parcels in the area and possibly require the granting of further variances for similar sized parcels; and (4) petitioners purchased the parcels with presumptive knowledge of the zoning ordinance and, to that extent, created their own hardship (see *Matter of Cowan v Kern,* 41 NY2d 591). We acknowledge that petitioners would be effectively prevented from developing their parcels if variances do not issue in this case. However, we do not believe that factor to be controlling. The evidence suggests that petitioners purchased these parcels at a fraction of their worth as buildable lots. The low purchase prices are reflective of the fact that the parcels were substandard. Rather than viewing this situation as one in which a confiscation would be effected if variances were denied, we view it as one in which petitioners would be provided with unjustified windfalls if the variances were granted. We note, as we did once previously, that "it is entirely possible that petitioner may derive an equal return, or even a profit, from the sale of its land to an adjoining property owner, or perhaps find it economical to purchase one of the adjoining substandard parcels in order to satisfy the minimum area requirements of the zoning ordinance" (see *Matter of Courtesy Estates v Schermerhorn,* 51 AD2d 966, 967). Martuscello, Acting P. J., Damiani and Mollen, JJ., concur; Cohalan and Rabin, JJ., dissent and vote to affirm the judgment, with the following memorandum: Zoning ordinances, being in derogation of the common law, must be strictly

construed *(Matter of 400 E. 102nd St. Corp. v Murdock,* 285 NY 298; *Matter of Monument Garage Corp. v Levy,* 266 NY 339). Paragraph H of section 90-10 of the Yorktown Zoning Ordinance speaks only of a parcel or lot for which a valid conveyance had been recorded prior to the effective date of the ordinance. A court may not read into the ordinance an unexpressed intent which would impose a further restriction upon the use of the property (see *Matter of Flanagan v Zoning Bd. of Appeals of Vil. of Bayville,* 2 Misc 2d 922, affd 1 AD2d 979). Under the majority view, the only permitted applicant for a building permit would be the grantee of the pre-1958 conveyance. We would hold that the afore-mentioned provision runs with the land and that subsequent owners are therefore entitled to its benefits. The mere fact that by means of separate purchases the petitioners circumvented the requirement in the ordinance that contiguous substandard lots be combined if owned by the same owner, does not alter the result. Motives aside, they have done nothing forbidden by law and are in compliance with the ordinance (see *Matter of Bayport Civic Assn. v Koehler,* 138 NYS2d 524).