■ In the Matter of RICHARD C. DITTMER, Appellant, v RICHARD R. SCHEYER et al., Constituting the Zoning Board of Appeals of the Town of Islip, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip denying petitioner's application for certain variances, petitioner appeals from (1) a decision of the Supreme Court, Suffolk County, dated November 8, 1978, which held that the petition should be dismissed and (2) the judgment entered thereon on August 10, 1979. Appeal from decision dismissed, without costs or disbursements. No appeal lies from a decision. Judgment affirmed, without costs or disbursements. Each of the provisions of the Islip zoning ordinance under which petitioner sought permission to build as a single and separate owner requires compliance with all zoning requirements other than the one for which the single and separate dispensation is conferred (see Town of Islip Amended Zoning Ordinance, § 68-81, subd C; § 68-85, subd D; see, also, § 68-83, subd C). Since petitioner's application failed to demonstrate such compliance, Special Term correctly held that petitioner was not entitled to the variances as a matter of right under the ordinance and therefore the respondent zoning board of appeals had discretion to deny the requested variances. In our opinion, the board's denial in this case was supported by substantial evidence and was not affected by any error of law (see CPLR 7803, subds 3, 4; *Matter of Cowan v Kern*, 41 NY2d 591; *Matter of Sofo v Egan*, 57 AD2d 841). Mollen, P. J., Damiani and Margett, JJ., concur.

Lazer, J., concurs in the result, with the following memorandum: I concur in the affirmance of the judgment, but for reasons which differ somewhat from those stated by my colleagues. The petitioner in this article 78 proceeding purchased a substandard vacant lot in a tax foreclosure sale in 1965. The lot, lying in a Residence A district of the Town of Islip, is 50 feet in width and has a square footage area of 2,393 feet. In a Residence A district the minimum building lot area is 11,250 square feet. The Islip

zoning ordinance contains various provisions relevant to lots held in single and separate ownership. The seminal section reads as follows: "§ 68-81 C. Separate ownership. A single-family dwelling may be erected on any lot which was separately owned at the time of the passage of the ordinance or on any lot separately owned at the time of any amendment thereto heretofore adopted, and which has not come into common ownership with adjoining property and conforms to the area density requirements of the Amended Zoning Ordinance prior to any such amendment and conforms to all other minimum requirements of this ordinance." Subdivision A of section 68-83 of the ordinance requires that substandard single and separate lots in the Residence A district have a minimum width of 75 feet, while under subdivision D of section 68-85 of the side yards of such lots must total 20 feet with not less than 10 feet on either side. In 1973 petitioner was granted a variance based upon single and separate ownership but when the building plans he submitted fell short of the minimum required ground floor area of 560 feet the town canceled the building permit and it does not seem disputed that the variance thereafter lapsed. In 1976 petitioner again applied for variances of width, front yard, side yard, minimum lot coverage, and minimum floor space requirements of the zoning ordinance. By a 3 to 2 vote, the Zoning Board of Appeals of the Town of Islip denied the application. Special Term thereafter dismissed the instant article 78 petition relying on *Matter of Sofo v Egan* (57 AD2d 841) and *Matter of Cowan v Kern* (41 NY2d 591). My colleagues are voting to affirm the judgment based upon the same precedents. I do not find *Sofo* apposite because the single and separate provision involved in that case did not run with the land and granted rights only to those actually in ownership of the single and separate lot when it was rendered substandard by amendment of the zoning ordinance. *Cowan* has relevance to the instant issues but it did not involve single and separate ownership at all. The petitioner's single and separate ownership rights in the instant case relate solely to "area density requirements" other than those relating to minimum width and side yards. As to the latter two requirements, petitioner's threshold position in obtaining area variances is better—but only marginally so—than that of other owners of substandard lots who do not have the benefit of single and separate rights. Thus, to obtain variance of the minimum width and side yard restrictions, petitioner was obligated—like the others—to establish practical difficulties (see *Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers,* 17 NY2d 249) or significant economic injury (see *Matter of National Merritt v Weist,* 41 NY2d 438). In determining whether practical difficulties existed, the zoning board of appeals was required to consider, *inter alia,* whether a substantial detriment to adjoining properties would be created by the variance *(Matter of Wachsberger v Michalis,* 19 Misc 2d 909). Since the board found that development of petitioner's tiny lot clearly would create such detriment to neighboring owners, petitioner's failure to come forward before that body with proof of significant economic injury defeats his claim that the board abused its discretion in denying his application (see *Matter of Cowan v Kern,* 41 NY2d 591, *supra).* Examination of the minutes of both the 1973 and 1976 hearings before the board reveals absolutely no showing of "dollars and cents" economic loss. Furthermore, when neighborhood values come into play, and the claim is the inability to use the property for any purpose under the relevant zoning restrictions, the applicant must show that the property cannot be sold to yield a reasonable return *(Matter of Zulkofske v Board of Zoning Appeals of Inc. Vil. of Muttontown,* 61 AD2d 824; *Matter of Courtesy Estates v Schermerhorn,* 51 AD2d 966; see *Matter*

*of Cook v Haynes,* 63 AD2d 817). The instant record does not show that any effort was made to sell the property to adjacent owners—who are the only possible buyers. Therefore, apart from any question of self-created hardship, the petitioner has not demonstrated the significant economic loss upon which his case ultimately must be founded.