■ In the Matter of JACK J. FRISHMAN, Respondent, v ROBERT SCHMIDT et al., Constituting the Zoning Board of Appeals of the Town of North Castle, Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of North Castle which held that petitioner was required to obtain an average width variance and denied his application for such a variance, the appeal is from a judgment of the Supreme Court, Westchester County (Wood, J.), dated October 21, 1982, which, *inter alia,* granted the petition and decreed that petitioners' proposed subdivision complies with the applicable zoning requirements. Judgment reversed, on the law, without costs or disbursements determination confirmed and proceeding dismissed on the merits. The determination of the appellant Zoning Board of Appeals of the Town of North Castle that the petitioner was required to obtain an average width variance was not arbitrary, capricious or unreasonable and Special Term improperly substituted its own judgment for that of the board. We therefore reverse. Although Special Term did not reach the issue of whether the denial of the variance was supported by substantial evidence, the record sufficiently sets out the facts and the bases upon which the board's denial was based and we find that the denial was supported by substantial evidence. In so holding we note that the petitioner's hardship is self-created. He purchased the parcel he now seeks to subdivide with presumptive knowledge of the zoning ordinance and then built his residence on a portion of the lot in such a manner that the proposed subdivision is irregularly shaped and has an inadequate "average lot width" (see *Matter of Cowan v Kern,* 41 NY2d 591; *Matter of Sofo v Egan,* 57 AD2d 841). In addition, there was evidence offered that (1) the subdivision would adversely impact upon the value of surrounding properties because the subdivision proposes that the house to be built be positioned behind and in close proximity to petitioner's other house, and (2) septic drainage problems which would affect nearby North Lake, would result from (a) the addition of another septic tank to petitioner's parcel and (b) runoff from the proposed driveway. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.