■ In the Matter of DANTE PELLATI, Appellant, v RICHARD I. SCHEYER et al., Constituting the Board of Appeals of the Town of Islip, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Islip denying petitioner's application for certain variances, petitioner appeals from a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered January 16, 1985, which dismissed the proceeding.

Judgment affirmed, with costs.

The provisions of the Islip zoning ordinance pursuant to which petitioner seeks single and separate treatment for an otherwise substandard parcel of real property are unambiguous, requiring "compliance with all zoning requirements other than the one for which the single and separate dispensation is conferred" *(Matter of Dittmer v Scheyer,* 74 AD2d 828). The parcel herein involved, however, fails to comply with the aforesaid provisions in that there are nonconformities with respect to requirements other than the one for which a single and separate dispensation may be conferred. Accordingly, Special Term properly concluded that petitioner was not entitled to the variances sought as a matter of right under the ordinance and therefore the respondent Zoning Board of Appeals had discretion to deny the requested variances. It is established that "[b]efore the zoning authority is required to explain why the public health and welfare requires adherence

to the zoning standard, the petitioner must first come forward with proof of significant economic injury" *(Matter of Cowan v Kern,* 41 NY2d 591, 596).

We note that before Special Term, petitioner relied solely upon his contention that the aforesaid dispensational provisions required that he be granted the variances sought as a matter of right. The record substantiates that petitioner made no effort to adduce evidence establishing that the denial of the variances as to nonconformities with requirements other than the one for which a single and separate ownership dispensation may be conferred would represent an abuse of discretion and inflict significant difficulties or practical hardship *(Matter of Cowan v Kern, supra,* pp 597-598). Accordingly, the judgment is affirmed. O'Connor, J. P., Weinstein, Niehoff and Eiber, JJ., concur.