■ In the Matter of WILLIAM H. EYNON et al., Appellants, v FRANCIS J. MANGRAVITE et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of North Haven which denied the petitioners' application for an area and dimensional variance, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Lama, J.), dated November 16, 1984, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

The petitioners are the owners of an improved parcel of land in a subdivision known as North Haven Manor. When purchased, the parcel consisted of two building lots in conformity with then existing zoning ordinances. Subsequent to the petitioners' construction of a dwelling, the area was upzoned, rendering their parcel unsuitable for subdivision, i.e., two substandard lots would result. The petitioners sought variances from the Board to permit redivision of the parcel. Their application was denied, and the petitioners commenced this proceeding. Special Term properly dismissed the proceeding as the petitioners failed to establish that the Board abused its discretion in denying the variance *(see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 312). The petitioners presented no evidence to that body that denial of the variance "would result in the infliction of either significant economic hardship or practical difficulty" *(see, Matter of Cowan v Kern,* 41 NY2d 591, 596). The petitioners having thus failed to meet their burden of proving that the imposition and application of the area standard would create significant economic injury, the Board's denial of their application has a rational basis, and will not be disturbed *(see, Matter of Cowan v Kern, supra).* Mangano, J. P., Gibbons, Niehoff and Spatt, JJ., concur.