■ In the Matter of Rocco IANNUCCI, Petitioner, v DANIEL CASEY, as Chairman of the Zoning Board of Appeals of the Town of Oyster Bay, et al., Respondents

In August 1985 the petitioner purchased three contiguous lots, located in a class E residential district, on the northern side of Devine Avenue in Syosset, New York. This property has a total area of 10,658 square feet, and is currently improved with a two-story frame dwelling. The petitioner now seeks an area variance so as to permit the construction of a second house on his property. Under existing law, no building in a class E residential district may be constructed on a lot less than 6,000 square feet in size. Thus, without an area variance, the petitioner may not subdivide his property so as to allow for the construction of a second house.

The petitioner is presumed to have had knowledge, at the time he purchased the subject parcel, that under prevailing law only one house could be erected on it. Thus, whatever

hardship now exists was clearly self-created, and this factor may properly be considered by the Zoning Board of Appeals of the Town of Oyster Bay in deciding to deny his application for an area variance *(see, e.g., Matter of Frishman v Schmidt,* 96 AD2d 1043, *affd* 61 NY2d 823; *Goshen Shopping Assocs. v Zoning Bd. of Appeals,* 112 AD2d 140; *Matter of Juniper Homes v Nolte,* 104 AD2d 942). Furthermore, the record is devoid of proof as to the amount of the petitioner's investment in the subject property or the present value of the property so that it is impossible to gauge the economic injury which would result from refusal to grant a variance. The mere fact that the land could be used more profitably if a variance were granted is insufficient to warrant granting the petitioner's application *(see, e.g., Matter of Cowan v Kern,* 41 NY2d 591, 596-597, *rearg denied* 42 NY2d 910; *Matter of National Merritt v Weist,* 41 NY2d 438, 442-443; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139-140, *affd* 67 NY2d 702; *Matter of Campus v Delany,* 62 AD2d 990; *Matter of Brower v Board of Zoning Appeals,* 58 AD2d 863).

Under these circumstances, the determination of the Zoning Board of Appeals was supported by substantial evidence, was neither arbitrary or capricious, and is confirmed. Mangano, J. P., Bracken and Spatt, JJ., concur.

Harwood, J., dissents and votes to annul the determination and remit the matter to the Zoning Board of Appeals of the Town of Oyster Bay for a new determination, with the following memorandum: While I agree with my colleagues in the majority that self-created hardship is a factor which should be considered in deciding an application for a variance, I disagree with their determination that "economic injury" must be shown in order to succeed on an application for an area variance. In order to obtain an area variance the applicant must show that strict compliance with the zoning law will cause "practical difficulties" *(Matter of Fuhst v Foley,* 45 NY2d 441, 445). This court recently stated that "[t]he contours of the term 'practical difficulties' have yet to be definitively identified" *(Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702). Economic injury is but one of the factors that may be considered significant in determining whether or not to grant an area variance *(Human Dev. Servs. v Zoning Bd. of Appeals, supra; see also, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 606).

This petitioner demonstrated that the denial of his application would cause him practical difficulties *(see, e.g., Matter of Lanzilotta & Teramo Dev. Corp. v Lazarus,* 127 AD2d 767,

*appeal dismissed* 70 NY2d 927) and the record discloses that in the recent past other area variances were granted by this same board to the owners of parcels in the immediate vicinity of the parcel affected. While the respondent Zoning Board of Appeals of the Town of Oyster Bay (hereinafter the board) explained its denial of the application by declaring, *inter alia,* that, if granted, there would be a density of use that would be detrimental to the enjoyment of surrounding properties and that it would adversely detract from the character of the neighborhood, it failed to explain how this application differed from those it had recently granted. Under these circumstances, the board was obliged either to explain why it had granted the earlier applications but had denied this one, since there were sufficient factual similarities, or to have granted this application *(Knight v Amelkin,* 68 NY2d 975, 978).

Accordingly, I would have remitted the matter to the Board of Zoning Appeals and directed it to follow the rule enunciated in *Knight v Amelkin (supra).*