■ In the Matter of LAKELAND PARK ESTATES, INC., Appellant, v RICHARD I. SCHEYER et al., Constituting the Zoning Board of Appeals of the Town of Islip, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip, dated March 18, 1986, which denied the petitioner's application for width and area variances to construct a one-family dwelling, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Lama, J.), entered July 31, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is the contract vendee of an unimproved parcel of land located on Springdale Drive, Ronkonkoma, New York. The parcel is located in the Residence "A" District and is 50.17 feet wide and has a total area of approximately 10,890 square feet. The petitioner plans to construct a one-family dwelling on the parcel. In order to do so, it must obtain variances from the area density and width requirements of the zoning ordinance which mandates that the plot have an area density of 11,250 square feet and a width of 75 feet *(see,* Islip Town Code § 68-81 [A]; § 68-82 [A]). The conveyance of the property is conditioned upon the grant of the necessary variances. The petitioner seeks to obtain the variances as a matter of right pursuant to the single and separate ownership exception provided by Islip Town Code § 68-81 (C), and § 68-83 (C). These sections require "compliance with all zoning requirements other than the one for which the single and separate dispensation is conferred" *(Matter of Dittmer v Scheyer,* 74 AD2d 828; *see also, Matter of Pellati v Scheyer,* 115 AD2d 606). Inasmuch as the petitioner is seeking two variances, it fails to comply with the aforesaid provisions. More-

over, a second requirement of the applicable sections of the code is that the parcel for which the single and separate dispensation is sought must not have come into common ownership with adjoining property (see, Islip Town Code § 68-81 [C]; § 68-83 [C]). However, the record indisputably establishes that from 1963 to 1972, the contract vendor owned an adjoining parcel of land and thus the petitioner has failed to comply with both conditions necessary to obtain single and separate ownership treatment under the zoning ordinance. Accordingly, the Supreme Court properly held that the petitioner was not entitled to the variances as a matter of right and therefore the respondent members of the Zoning Board of Appeals of the Town of Islip had discretion to deny the requested variances.

It is well established that in order to obtain the area variances as a matter of discretion, the petitioner is required to establish significant economic hardship or practical difficulty (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of Cowan v Kern, 41 NY2d 591, rearg denied 42 NY2d 910; Matter of Eynon v Mangravite, 121 AD2d 719; Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135, affd 67 NY2d 702). Although the petitioner adduced evidence that the purchase price of the parcel is $8,000, and that, with the variances, it would be worth $100,000 or more, this does not amount to a confiscation. On the contrary, since the low purchase price is reflective of the fact that the parcel is substandard, if the variances were granted, the petitioner would receive an unjustified windfall (see, Matter of Cowan v Kern, supra; Matter of Sofo v Egan, 57 AD2d 841). Nevertheless, we must acknowledge that without the variances the subject parcel cannot be developed. However, since the record supports the respondents' finding that the granting of the variances would adversely affect the immediate neighborhood, the denial of the variances was proper (see, Matter of Cowan v Kern, supra; Matter of 113 Hillside Ave. Corp. v Zaino, 27 NY2d 258). Moreover, the petitioner contracted to purchase the subject property with knowledge that pursuant to the provisions of the zoning ordinance a one-family dwelling could not be built on it. Thus, its hardship was self-created and this factor may properly be considered by the respondents in denying the request for the variances (see, Matter of Iannucci v Casey, 140 AD2d 343). Under these circumstances, the respondents' determination was neither illegal, arbitrary, nor an abuse of discretion. Thompson, J. P., Spatt and Sullivan, JJ., concur.

Harwood, J., concurs in the result on constraint of *Matter of Iannucci v Casey* (140 AD2d 343).