■ In the Matter of CARMINE SICILIANO, Appellant, v RICHARD I. SCHEYER et al., Individually and Constituting the Zon-

ing Board of Appeals of the Town of Islip, et al., Respondents. —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip, dated December 22, 1987, denying the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated May 6, 1988, which dismissed the proceeding on the merits.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the respondents for further proceedings consistent herewith.

The petitioner and his sister purchased the subject 40-foot-by-100-foot parcel of land on McCall Avenue in West Islip, New York, as joint tenants in 1962, and the petitioner survived as the sole owner upon his sister's death in 1974. Concededly, the plot has been in single and separate ownership since before the enactment of the first zoning ordinance in the Town of Islip. The property is located in a "B" Residence Zone, in which single-family homes may be constructed. When the petitioner purchased the lot, the applicable zoning regulations permitted construction of a one-family house if the lot had a minimum square footage of 3,600 feet, a minimum width of 40 feet, and total side yards measuring at least 12 feet with each side yard at least four feet. Thus, until the town enacted a new zoning ordinance in 1967, the petitioner had a buildable lot. The new zoning ordinance permitted construction on lots with an area density of no less than 7,500 square feet, with a width of 75 feet and side yards of 10 feet each (Islip Town Code §§ 68-111, 68-113, 68-115). The petitioner's request for a permit to build a home with side yards of 10 and 8 feet on his 40-foot-wide, 4,000-square-foot lot was denied, as was his application to the Zoning Board of Appeals of the Town of Islip, following a hearing, for area variances as to total area density, width and side yards. The petitioner commenced the instant proceeding, which was dismissed on the merits by the Supreme Court, Suffolk County.

On appeal, the petitioner contends that he was entitled to the requested variances as of right, on the ground that his property has been held in single and separate ownership since before the enactment of the applicable zoning ordinances and had never been in common ownership with any adjoining parcel. The petitioner urges us to review the scope of our prior decision in *Matter of Dittmer v Scheyer* (74 AD2d 828), in light of the hearing testimony of the purported drafter of the zoning ordinances at issue relative to his recollection of the

legislative intent. Alternatively, the petitioner submits, the variances should have been granted on the basis of practical difficulty and significant economic injury or on the ground that application of the ordinances to the petitioner's land amounts to a confiscation in violation of the Just Compensation Clause of the Fifth Amendment of the US Constitution.

While we agree with the Supreme Court with respect to the petitioner's first two contentions, we find merit to the constitutional claim and reverse and remit on that ground.

Specifically, Islip Town Code §§ 68-111, 68-113 and 68-115 expressly provide that the owner of a plot which has been held in single and separate ownership at the time of the passage of the ordinance or any amendment thereto may qualify for only one variance as of right (i.e., either as to area density, total width, or side yard width), since each section requires "compliance with all zoning requirements other than the one for which the single and separate dispensation is conferred" *(Matter of Dittmer v Scheyer, supra,* at 828; *see also, Matter of Lakeland Park Estates v Scheyer,* 142 AD2d 582; *Matter of Pellati v Scheyer,* 115 AD2d 606). Inasmuch as the petitioner is seeking multiple variances, he fails to comply with the aforesaid provisions. Accordingly, the Supreme Court properly held that the petitioner was not entitled to the variances as a matter of right on the theory of single and separate ownership.

Further, it is well established that in order to obtain area variances as a matter of discretion, a petitioner is required to establish, at a minimum, practical difficulties *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Cowan v Kern,* 41 NY2d 591, *rearg denied* 42 NY2d 910; *Matter of Eynon v Mangravite,* 121 AD2d 719). "Though no one is necessarily controlling, the following factors have been considered significant in the context of applications for an area variance: (1) significant economic injury * * * (2) the magnitude of the desired area variance sought since the greater the deviation the more likely it is that the impact on the community will be severe * * * (3) whether the 'difficulty' alleged by the applicant was self-created * * * and (4) whether the alleged difficulty may be avoided by means other than a variance, which may be feasibly pursued by the applicant" *(Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139-140, *affd* 67 NY2d 702).

In this case, the record does not reveal with certainty the price paid by the petitioner for the parcel. Therefore, there is

no basis for computing economic hardship. Furthermore, the variances sought are substantial. However, since the lot in question was buildable at the time it was purchased by the petitioner, the difficulty was not self-created. Moreover, the only permitted use for the lot is a single-family residence, and the lot is surrounded by other lots varying in size from 40 feet by 100 feet to 80 feet by 100 feet improved with single-family homes. Thus, there is no land available for purchase by which the petitioner could increase the size of his lot, nor any other feasible means by which the difficulty might be avoided.

In response to the petitioner's showing, the Zoning Board of Appeals demonstrated "that the public health, safety and welfare will be served by the application of the zoning restriction" *(Matter of Fulling v Palumbo,* 21 NY2d 30, 34). Specifically, upon inspection of the area and hearing from neighbors and experts, it found that erection of the proposed building on the petitioner's lot would have an adverse effect on adjoining properties in that it would create traffic and parking problems and "would certainly have to affect the light, air and ventilation of the surrounding neighbors". The validity of these concerns regarding density and congestion has been recognized and upheld *(see, Marcus Assocs. v Town of Huntington,* 45 NY2d 501, 505; *cf., Matter of Taback v Town of Woodstock Zoning Bd. of Appeals,* 134 AD2d 783, 786). Thus, the denial of discretionary area variances was not arbitrary and capricious *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 442-444).

Having concluded that the petitioner failed to demonstrate his entitlement to area variances under these traditional standards, we must consider the petitioner's second alternative contention that the zoning ordinance, as applied to his property, amounts to an unconstitutional taking of his property *(see, Matter of National Merritt v Weist, supra; Matter of Fulling v Palumbo, supra).* To succeed on this ground, the burden is on the petitioner to prove beyond a reasonable doubt that he has been deprived of any use of the property to which it is reasonably adapted. While we are mindful of the strong presumption of constitutionality which must be afforded to the ordinance in question *(see, Lighthouse Shores v Town of Islip,* 41 NY2d 7, 11), we find that the petitioner has carried his burden and, therefore, is entitled to square-footage and width variances as a matter of law. Without those variances, the petitioner, who originally purchased a buildable lot, has been deprived of any reasonable use of his property. All but "a bare residue of the economic value" has been destroyed

*(de St. Aubin v Flacke,* 68 NY2d 66, 77; *Spears v Berle,* 48 NY2d 254, 263; *Matter of McDermott v Rose,* 148 AD2d 615). Without the area variances as to square footage and width, the petitioner can build nothing on the lot, and the market of potential buyers of the vacant lot is severely and unfairly limited. Under these circumstances, the petitioner cannot be compelled, consistent with the US Constitution, to sell his property to an adjoining landowner *(see, Matter of Bexson v Board of Zoning & Appeals,* 28 AD2d 848, 849; *cf., Matter of Grimpel Assocs. v Cohalan,* 41 NY2d 431, 433; *see also,* 3 Rathkopf, Zoning and Planning, ch 32, § 32.01, at 32-2; *cf., Matter of Dittmer v Scheyer,* 74 AD2d 828, 829-830, *supra* [Lazer, J., concurring). However, the denial of variances with respect to the side yard dimensions was proper, since the petitioner may construct a house on the property within the side yard limitations of the zoning ordinance. Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.