◼ In the Matter of DOLORES SNYDER, Respondent, v RICH-ARD I. SCHEYER et al., Constituting the Zoning Board of Appeals of the Town of Islip, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Islip, dated February 24, 1987, denying the petitioner's application for area variances, the appeal is from (1) a judgment of the Supreme Court, Suffolk County (Jones, J.), dated October 14,

1987, which, *inter alia,* vacated and annulled the determination of the Zoning Board of Appeals and directed that the requested area variances be issued, and (2) from so much of an order of the same court, dated February 25, 1988, as, upon granting reargument, adhered to the prior determination.

Ordered that the appeal from the judgment dated October 14, 1987, is dismissed, as that judgment was superseded by the order dated February 25, 1988, made upon reargument; and it is further,

Ordered that the order dated February 25, 1988, is reversed insofar as appealed from, on the law, with costs, the judgment dated October 14, 1987, is vacated, the determination of the respondent Zoning Board of Appeals of the Town of Islip, dated February 24, 1987, is confirmed, and the proceeding is dismissed on the merits.

In May 1975, the petitioner purchased a parcel of land measuring approximately 40 feet by 110 feet at the southeast corner of Washington Avenue and South Drive, in Ronkonkoma in the Town of Islip. The plot had been in single and separate ownership since at least 1951 and is located in a residence B district, in which single-family homes may be constructed. When the petitioner purchased the lot, the applicable zoning ordinance, adopted in 1967, permitted the construction of a single-family dwelling if the lot had a minimum footage of 7,500 square feet, a minimum width of 75 feet, side yards of at least 10 feet each, a corner lot front yard setback of at least 15 feet, and the building did not occupy more than 25% of the total lot area (Town of Islip Zoning Code §§ 68-111, 68-113, 68-115, 68-114, 68-110). The petitioner's request for a permit to build a single-family dwelling on her lot in contravention of these requirements, and her application to the Zoning Board of Appeals of the Town of Islip (hereinafter the Board) for the necessary area variances, were both denied, after a hearing.

The petitioner commenced the instant CPLR article 78 proceeding and the Supreme Court, Suffolk County, vacated and annulled the Board's determination. The Supreme Court held that the petitioner, as the owner of a "single and separate" parcel, was entitled to the requested area variances as of right. Alternatively, the Supreme Court held that the petitioner had established practical difficulties and economic injury which had not been controverted by the Board, and that the Board's determination denying the requested area variances as a matter of discretion, was unsupported by the evidence in the record. We disagree.

Pursuant to the Town of Islip Zoning Code, the owner of a plot which has been held in single and separate ownership at the time of the passage of the ordinance or any amendment thereto may qualify for only one variance as of right (Town of Islip Zoning Code §§ 68-110, 68-111, 68-113, 68-114 and 68-115), because each provision under which the petitioner sought to build as a single and separate owner "requires compliance with all zoning requirements other than the one for which the single and separate dispensation is conferred" *(Matter of Dittmer v Scheyer,* 74 AD2d 828; *see also, Matter of Lakeland Park Estates v Scheyer,* 142 AD2d 582; *Matter of Pellati v Scheyer,* 115 AD2d 606). Inasmuch as the petitioner sought multiple variances, she failed to comply with the aforesaid provisions. Accordingly, the Supreme Court erred in holding that petitioner was entitled to the five requested area variances as of right on the theory of single and separate ownership.

Further, it is well established that in order to obtain area variances as a matter of discretion, a petitioner is required to establish, at a minimum, practical difficulties *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Cowan v Kern,* 41 NY2d 591; *Matter of Eynon v Mangravite,* 121 AD2d 719). "Though no one is necessarily controlling, the following factors have been considered significant in the context of applications for an area variance: (1) significant economic injury * * * (2) the magnitude of the desired area variance sought since the greater the deviation the more likely it is that the impact on the community will be severe * * * (3) whether the 'difficulty' alleged by the applicant was self-created * * * and (4) whether the alleged difficulty may be avoided by means other than a variance, which may be feasibly pursued by the applicant" *(Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139-140, *affd* 67 NY2d 702).

In this case, the record does not reveal the price paid by the petitioner for the parcel. Therefore, there is no basis for computing economic hardship. Furthermore, the variances sought are substantial. Finally, since the lot in question was not buildable at the time it was purchased by the petitioner, the difficulty was self-created *(cf., Matter of Siciliano v Scheyer,* 150 AD2d 460).

In any event, the Board demonstrated "that the public health, safety and welfare will be served by the application of the zoning restriction" *(Matter of Fulling v Palumbo,* 21 NY2d 30, 34). Specifically, an inspection of the premises by the Board indicated, *inter alia,* that (1) the petitioner's property

was extremely close to Lake Ronkonkoma and "may be an area that is subject to substantial drainage problems", and (2) construction of a proposed building on petitioner's lot would have an adverse effect on the "light, air, and ventilation" of an "adjoining house to the north". The validity of these concerns has been recognized and upheld (see, *Marcus Assocs. v Town of Huntington,* 45 NY2d 501, 505; *Matter of National Merritt v Weist,* 41 NY2d 438, 442-444). Accordingly, the determination of the Board is reinstated and confirmed (see, *Matter of Lakeland Park Estates v Scheyer,* 142 AD2d 582, supra; *Matter of Pellati v Scheyer,* 115 AD2d 606, supra; cf., *Matter of Siciliano v Scheyer, supra).* Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.