■ In the Matter of KOSTER KEUNEN, INC., Appellant, v RICHARD I. SCHEYER et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents members of the Board of Zoning Appeals of the Town of Islip dated December 16, 1986, which denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 8, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The provisions of the Islip zoning ordinance pursuant to which the petitioner seeks single and separate ownership treatment for its parcel of land, require "compliance with all zoning requirements other than the one for which the single and separate dispensation is conferred" (Matter of Dittmer v Scheyer, 74 AD2d 828). The petitioner's parcel fails to comply with that aforesaid provision, in that there are many nonconformities with respect to requirements other than the one for which the petitioner may receive a "single and separate dispensation". Accordingly, the court properly determined that the petitioner was not entitled to the variances sought as a matter of right (see, Matter of Pellati v Scheyer, 115 AD2d 606; Matter of Lakeland Park Estates v Scheyer, 142 AD2d 582).

Nor is the petitioner entitled to the variances on the ground that it has established either significant economic hardship or practical difficulty (see, Matter of Cowan v Kern, 41 NY2d 591, 596). "The mere fact that the land could be used more profitably if a variance were granted is insufficient to warrant granting the petitioner's application" (Matter of Iannucci v Casey, 140 AD2d 343, 344). Moreover, economic injury was not established on this record where it appeared that the petitioner paid $2 for the property and the petitioner's own expert testified that even without the variances the property was worth about $1,000.

While denial of the variances will unquestionably result in practical difficulties, we find that, in this case, where the petitioner seeks to construct a house on an approximately

11,500-square-foot, triangular parcel, the strict application of the ordinance serves a valid public purpose which outweighs injury to the property owner *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139). The determination of the respondents was supported by substantial evidence, and was neither arbitrary nor capricious. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.