In the Matter of JOSEPH HANSEN, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF ISLIP, Respondent.

We reject the petitioner's contention that he is entitled to the area variances he seeks as of right because his property was held in single and separate ownership at the time of the enactment of the restrictions from which he seeks relief. Town of Islip Code §§ 68-111, 68-113 and 68-115 expressly provide that the owner of a plot which has been held in single and separate ownership at the time of the passage of the ordinance or any amendment thereto may qualify for only one variance as of right (i.e., either as to area density, total width, or side yard width), since each section requires "compliance with all zoning requirements other than the one for which the single and separate dispensation is conferred" *(Matter of Dittmer v Scheyer,* 74 AD2d 828; *see also, Matter of Koster Kuenen, Inc. v Scheyer,* 156 AD2d 563; *Matter of Synder v Scheyer,* 153 AD2d 630; *Matter of Siciliano v Scheyer,* 150 AD2d 460). Inasmuch as the petitioner sought multiple variances for width, square footage, side yard width and total side yard width, he failed to comply with the aforesaid provisions.

Further, as the petitioner purchased his property with the knowledge that pursuant to the provisions of the zoning ordinance a single-family home could not be built on it, he has not met the burden of proving beyond a reasonable doubt that the zoning ordinance as applied to him amounts to an unconstitutional taking of his property *(cf., Matter of Siciliano v Scheyer, supra)*.

Moreover, it is well established that in order to obtain area variances as a matter of discretion, a petitioner must establish significant economic hardship or practical difficulty *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Cowan v Kern,* 41 NY2d 591; *Matter of Koster Keunen, Inc. v Scheyer,* 156 AD2d 563, *supra; Matter of Lakeland Park Estates v Scheyer,* 142 AD2d 582). Although without the requested variances the subject parcel cannot be developed, the evidence adduced by the petitioner that the purchase price of the parcel was $11,000 and that he could only recoup $5,000 or $6,000 of this investment without the variances, was insufficient to show "significant economic hardship" *(Matter of Cowan v Kern, supra,* at 596; *Matter of Lakeland Park Estates v Scheyer, supra)*. Indeed, the low purchase price was reflective of the fact that the parcel is substandard. Thus, the petitioner would receive an unjustified windfall if the variances were to be granted *(see, Matter of Lakeland Park Estates v Scheyer, supra)*. Furthermore, the variances sought are substantial and thus more likely to have an adverse impact on the surrounding neighborhood, which is in the process of being upgraded through a community renewal program *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702; *Matter of Siciliano v Scheyer,* 150 AD2d 460, *supra; Matter of Townwide Props. v Zoning Bd. of Appeals,* 143 AD2d 757). While not determinative, the fact that the petitioner's hardship was self-created is a significant element militating against the grant of his application *(see, Matter of Nammack v Krucklin,* 149 AD2d 596; *see also, Matter of Graziano v Scalafani,* 143 AD2d 664; *Matter of Lakeland Parks Estates v Scheyer,* 142 AD2d 582, *supra)*. Under these circumstances, the respondent's determination was neither illegal, arbitrary, nor an abuse of discretion *(see, Matter of Fuhst v Foley, supra,* at 444; *Matter of Niceforo v Zoning Bd. of Appeals,* 147 AD2d 483). Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.