In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Smithtown, dated June 24, 1986, which, after a hearing, denied the petitioner’s application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Jones, J.), entered August 17, 1988, which dismissed the proceeding.
Ordered that the judgment is affirmed, without costs or disbursements.
In 1986, the petitioner, the owner of an unusual triangular shaped lot, sought to construct a single-family dwelling on his property and applied for an area variance to reduce the minimum frontage and width requirements necessary to erect such a dwelling. The Board of Zoning Appeals of the Town of Smithtown (hereinafter the Board) conducted a hearing and *503 ultimately denied the application. The petitioner subsequently commenced the instant CPLR article 78 proceeding seeking review of the Board’s determination. Following a de novo hearing, the Supreme Court upheld the denial of the petitioner’s application for an area variance and this appeal ensued.
The petitioner initially contends that in a prior action to quiet title to the premises, the Supreme Court implicitly authorized the issuance of an area variance and that this decision should have been accorded binding effect under the doctrine of "law of the case”. We disagree. The record establishes that in the prior litigation, the court merely determined that the Town of Smithtown was precluded from asserting any rights, interests or claims in the subject property since the town had failed to accept an offer of dedication by the petitioner’s predecessor in interest. Since the issues raised and resolved in the prior action were separate, distinct and unrelated to the question of the petitioner’s entitlement to an area variance, the petitioner’s reliance upon the doctrine of law of the case is misplaced.
Turning to the propriety of the Board’s determination, we agree with the Supreme Court that there is substantial evidence in the record to support the Board’s conclusion that the granting of an area variance and the construction of a single-family dwelling on the subject property would have a negative impact on the essential character of the neighborhood and would adversely affect the approximately 6 or 7 homes which border the petitioner’s property by, inter alia, disturbing existing drainage conditions and by reducing the amount of privacy, as well as the economic value of these homes.
In addition to the foregoing, we note that the petitioner is presumed to have had knowledge, at the time he purchased the property, of the applicable zoning regulations, including the frontage and width requirements for single-family dwellings. Thus, the hardships that may now exist were clearly self-created, and this factor was properly considered by the Board in deciding to deny his application for an area variance (see, Matter of Iannucci v Casey, 140 AD2d 343; see also, Matter of National Merritt v Weist, 41 NY2d 438).
We have examined the petitioner’s remaining contention and find it to be without merit. Mangano, J. P., Kunzeman, Fiber and Harwood, JJ., concur.