■ CHARLES MALTA et al., Respondents-Appellants, v BOARD OF ZONING APPEALS OF THE TOWN OF PERINTON et al., Appellants-Respondents.—Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to respondent for further proceedings, in accordance with the following memorandum: Plaintiffs Mantello and Odd Fellows Home Association own separate lots in the Rochester Fair Gardens subdivision in the Town of Perinton. Plaintiff Malta is the contract vendee of both lots. The lots were created in 1926, and at that time, no zoning law had been enacted by the town. The town zoning ordinance, enacted for the first time in 1954, included the lots in a Residential Class C District, which for development purposes requires a minimum width of 90 feet and minimum area of 14,400 square feet. The ordinance also requires a minimum front-yard setback of 50 feet, rear-yard setback of 15 feet, and side-yard setback of 12 feet. One of the subject lots is 50 feet wide and 78 feet deep; the other is 50 feet wide and 76 feet deep. In 1985 and again in 1986, plaintiffs applied for a variance of the width, area and setback requirements to permit construction of a single-family home with attached garage on each lot. The applications were denied. Plaintiffs then commenced this action, seeking a judgment declaring that application of the ordinance to the subject lots is unconstitutional and requesting a directive for the issuance of construction permits.

Supreme Court correctly determined that the town zoning ordinance, as applied to the subject lots, amounted to an unconstitutional deprivation of reasonable use of the property *(see, Matter of Siciliano v Scheyer,* 150 AD2d 460). Evidentiary material submitted by plaintiffs and not factually controverted by defendants indicated that application of the width, area and setback requirements of the ordinance prohibited any development of the lot for uses permitted by the ordinance; that the only use of property consistent with the ordinance was as bare land; and that the effect of the ordinance restrictions was to destroy the economic value of the parcels to but a "bare residue" of their value *(de St. Aubin v Flacke,* 68 NY2d

66, 77; *French Investing Co. v City of New York,* 39 NY2d 587, 596, *rearg denied* 40 NY2d 846, *cert denied and appeal dismissed* 429 US 990).

The court erred, however, in awarding damages based upon a permanent de facto appropriation of the lots. Plaintiffs have not demonstrated that the ordinance cannot be applied in a manner that permits reasonable development *(see, French Investing Co. v City of New York, supra,* at 593-594). The width and area requirements of the ordinance preclude development of the lots, and as applied to these lots, those requirements are invalid. Reasonable development also necessitates some modification of the front- and rear-yard setback requirements. However, denial of the variance with respect to side-yard requirements may have been proper. Houses could be constructed upon each lot that would comply with the side-yard restrictions of the ordinance *(see, Matter of Siciliano v Scheyer,* 150 AD2d 460, 464, *supra).* Accordingly, we modify the judgment by deleting the award of damages and we remit the matter to the Board of Zoning Appeals for further proceedings consistent with this memorandum. (Appeals from judgment of Supreme Court, Monroe County, Rosenbloom, J.—declaratory judgment.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.