■ In the Matter of Viggo Lund et al., Appellants, v Town Board of the Town of Philipstown et al., Respondents.— Yesawich, Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Dickinson, J.), entered July 28, 1989 in Putnam County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review determina-

tions of respondents denying petitioners' application for a variance.

In 1965, petitioners purchased property situated on Upland Drive in the Town of Philipstown, Putnam County, upon which they intended eventually to build a single-family dwelling. In 1968, pursuant to Town Law § 280-a, the Philipstown Planning Board adopted land development regulations which provide that a non-town road containing more than eight existing structures will be approved as satisfactory for access only if it is composed of an acceptable surface material, is at least 14 feet in width, and has proper drainage and suitable grading to provide its users safe and convenient access (Town of Philipstown Land Development Regulations, part Three, ¶ 6 [a]). Upland Drive is a private road which is partially paved and partially surfaced with sand and gravel. It contains sharp curves, a surface width which for the most part is 12 feet and steep grades ranging from 18% to 26%; the parties agree that acceptable grading is considered to be 14%.

In 1987, the Planning Board denied petitioners' variance request application because it concluded that Upland Drive's width and drainage were inadequate, and its grading excessively steep. This determination was administratively affirmed by both respondents, the Zoning Board of Appeals and the Town Board. Thereafter, petitioners commenced this CPLR article 78 proceeding, unsuccessfully challenging respondents' denial of their variance request.

Judicial review of local zoning boards' discretionary decisions to deny variances is limited to ensuring that the determination is supported by substantial evidence (see, Matter of Friendly Ice Cream Corp. v Barrett, 106 AD2d 748, 749). Inasmuch as an area variance is sought, petitioners need only demonstrate that strict compliance with the ordinance will cause "practical difficulties" (see, Matter of Consolidated Edison Co. v Hoffman, 43 NY2d 598, 606). They suggest that they have met this standard by reason of the fact that they cannot build on their property without violating the zoning ordinance (see, e.g., Matter of Salierno v Briggs, 141 AD2d 547, 548-549). Such deprivation, without more, however, is not determinative (see, Matter of Sofo v Egan, 57 AD2d 841, 842). The critical question is whether denying the variance serves a legitimate public purpose which outweighs the property owner's injury (see, Matter of Friendly Ice Cream Corp. v Barrett, supra, at 749; see also, Matter of De Sena v Board of Zoning Appeals, 45 NY2d 105, 108).

Several factors mitigate against granting petitioners' vari-

ance request. First, they seek a variance to enable them to build on a road containing incline grades between 4% and 12% in excess of that acceptable, insufficient drainage and a width averaging two feet less than that required; taken together these variations are not insubstantial. Second, granting their request would not only exacerbate existing emergency servicing and drainage problems *(see, Matter of Sofo v Egan, supra)*, but would likely require respondents to allow subsequent variance requests for similarly situated parcels, thereby further aggravating these problems. Third, petitioners failed to demonstrate that they sought to comply with the ordinance's alternative requirements, for example, that of posting a performance bond sufficient to cover the cost of remedying the road's deficiencies *(see,* Town of Philipstown Land Development Regulations, part Three, ¶ 6 [c]) or otherwise *(see, e.g.,* Town Law § 200 [1]).

In contrast, respondents expressed the legitimate concern that further construction on the road would fail to promote the safety and general welfare of the town, for emergency vehicles cannot currently safely and properly access the residences located on Upland Drive. Inasmuch as respondents adequately identified how strict compliance with the zoning law would further important governmental concerns in this case, there is no reason to disturb respondents' determinations *(see, Matter of Palmieri v Board of Zoning & Appeals,* 144 AD2d 561, 562; *Matter of Grossman v Planning Bd.,* 126 AD2d 887, 890).

Additionally, petitioners suggest that the town's land development regulations unconstitutionally and irrationally limit to eight the number of homes on private roads. An article 78 proceeding is not an appropriate vehicle for challenging legislative enactments; petitioners' remedy is by way of a declaratory judgment action *(see, Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 458). And, CPLR 103 (c) conversion relief is unavailable here for these regulations, though approved by the town, were adopted by the Planning Board, which is not a party to this proceeding *(see, supra; see also, Matter of McCartney v Incorporated Vil. of E. Williston,* 149 AD2d 597; *Matter of Salierno v Briggs,* 141 AD2d 547, 549, *supra).* In any event, even if we were to treat that portion of the petition which urges that respondents' regulation be found unconstitutional as a declaratory judgment action, we would affirm Supreme Court's judgment for petitioners have failed to prove that their property would not yield a reasonable return under any permitted use *(see, Matter of Axelrod v Zoning Bd.*

*of Appeals,* 140 AD2d 437, 439; *see also, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492).

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.