■ In the Matter of WOODMASTER HOMES, LTD., Appellant, v RICHARD I. SCHEYER, as Chairman of the Board of Zoning Appeals of the Town of Islip, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determina-

tion of the respondents dated September 13, 1988, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Hand, J.), entered May 24, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Town of Islip Zoning Code §§ 68-111 and 68-113 expressly provide that the owner of a plot which has been held in "single and separate" ownership at the time of the passage of the code or any amendment thereto may qualify for only one variance as of right. Inasmuch as the petitioner sought multiple variances for width and square footage, it has failed to comply with the aforesaid provisions. Additionally, there is some evidence in the record which indicates that the petitioner sought a third variance with respect to its rear-yard setback.

We note that this court has repeatedly upheld the validity of the "single and separate" rule that the petitioner now seeks to have declared unconstitutional as applied to it (see, Matter of Hansen v Zoning Bd. of Appeals, 158 AD2d 689; Matter of Koster Keunen, Inc. v Scheyer, 156 AD2d 563; Matter of Snyder v Scheyer, 153 AD2d 630; Matter of Siciliano v Scheyer, 150 AD2d 460; Matter of Lakeland Park Estates v Scheyer, 142 AD2d 582; Matter of Pellati v Scheyer, 115 AD2d 606; Matter of Dittmer v Scheyer, 74 AD2d 828). Accordingly, we find that the petitioner is not entitled to the area variances it seeks as a matter of right.

Moreover, it is well settled that in order to obtain area variances as a matter of discretion, a petitioner must establish significant economic hardship or practical difficulty (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of Hansen v Zoning Bd. of Appeals, 158 AD2d 689, supra). Although without the requested variances the subject parcel cannot be developed, the mere fact that the land could be used more profitably if a variance were granted is insufficient to warrant granting the petitioner's application (see, Matter of Koster Keunen, Inc. v Scheyer, 156 AD2d 563, supra). The variances sought are likely to have an adverse impact on the surrounding neighborhood (see, Matter of Hansen v Zoning Bd. of Appeals, supra; Matter of Lakeland Park Estates v Scheyer, supra). While not determinative, the fact that the petitioner's hardship was self-created is a significant factor militating against the granting of the application (see, Matter of Hansen v Zoning Bd. of Appeals, supra). Under the circumstances we find that the determination of the respondents was supported by substantial evidence

and was neither arbitrary nor capricious *(see, Matter of Fuhst v Foley, supra,* at 444; *Matter of Koster Keunen, Inc. v Scheyer, supra).* Bracken, J. P., Eiber, Balletta and Ritter, JJ., concur.