■ In the Matter of GEORGE S. K. RIDER, Respondent, v BOARD OF APPEALS OF THE TOWN OF ISLIP et al., Appellants.— In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Islip, dated February 7, 1989, which denied the petitioner's application for certain area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Fierro, J.) dated July 16, 1989, which granted the petition, annulled the determination, and directed that the variances be issued.

Ordered that the judgment is modified, on the law, by

deleting the provision granting that branch of the petition which sought review of the denial of a variance for a rear yard setback from 25 feet to 20 feet, and substituting therefor a provision denying that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements.

The petitioner is the owner of an unimproved parcel of land bordering the Great South Bay and Shell Walk in Lonelyville, Fire Island. In order to construct a single-family beach house on the parcel, the petitioner must obtain a variance from the area density requirement of the zoning ordinance, which mandates that the lot have an area of 6,000 square feet (see, Islip Town Code § 68-141). In addition, the petitioner sought a variance for the proposed dwelling's rear yard setback of 20 feet, as opposed to the required 25 feet (see, Islip Town Code § 68-146).

Pursuant to Islip Town Code § 68-141 (C): "C. Separate ownership. A single-family dwelling may be erected on any lot which was separately owned at the time of passage of this ordinance or on any lot separately owned at the time of any amendment thereto heretofore adopted and which has not come into common ownership with adjoining property and which conforms to the area density requirements of the Amended Zoning Ordinance prior to any such amendment and which conforms to all other minimum requirements of this ordinance".

Under this provision, the owner of a lot which has been held in single and separate ownership at the time of the passage of the ordinance or any amendment thereto may qualify for only one variance as of right (see, Matter of Dittmer v Scheyer, 74 AD2d 828; Matter of Siciliano v Scheyer, 150 AD2d 460, 462; see also, Matter of Lakeland Park Estates v Scheyer, 142 AD2d 582; Matter of Kast v Casey, 129 AD2d 641; Matter of Pellati v Scheyer, 115 AD2d 606). Inasmuch as the petitioner sought more than the single variance, he failed to comply with the aforesaid provisions.

We agree with the Supreme Court, however, that the petitioner has proven eligibility for an area density variance, since he has demonstrated that strict compliance with the zoning law will result in practical difficulties (see, Matter of Fuhst v Foley, 45 NY2d 441, 445; Matter of Lund v Edwards, 118 AD2d 574; see also, Matter of Faham v Bockman, 151 AD2d 665, 667; Matter of Pacheco v De Salvo, 127 AD2d 597, 599). In addition, the record does not support the Board's determination "that the public health, safety and welfare will

be served by application of the zoning restriction" *(Matter of Fulling v Palumbo,* 21 NY2d 30, 34). By the Town Attorney's own admission, fully 73% of the lots within a 200-foot radius of the petitioner's are substandard in size, and 20% have less area than the petitioner's.

With respect to the Board's denial of a variance concerning the rear yard setback, we conclude that its determination on this point was proper. The record does not support the conclusion that strict compliance with the rear yard requirement would result in practical difficulties for the petitioner in utilizing his land *(see, Matter of Fuhst v Foley, supra,* at 445). Thompson, J. P., Brown, Miller and O'Brien, JJ., concur.