■ In the Matter of JAMES MUNNELLY, Appellant, v TOWN OF EAST HAMPTON et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton, dated May 30, 1989, which, after a hearing, denied the petitioner's application for area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Fierro, J.), entered November 29, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On August 23, 1983, the petitioner purchased a parcel of land on Chatfields Ridge Road, East Hampton, New York. The subject property was comprised of two lots which were indicated as lots 3 and 4 of the Chatfields Ridge subdivision. Lot 3

measured 50,000 square feet and lot 4 measured 62,738 square feet. At the time the petitioner purchased the property it was zoned "A" Residence.

In 1984, the subject property was upzoned to "A3" Residence, which required a minimum lot area of 125,000 square feet, and a minimum lot width of 230 feet. Since the petitioner's adjoining parcels were held in his name and did not satisfy the upgraded zoning requirements, they automatically merged into a single, albeit still nonconforming parcel. The upzoning also placed the property in a Water Recharge Overlay District.

On December 10, 1988, the petitioner filed an application with the respondent Zoning Board of Appeals of the Town of East Hampton for the area variances necessary to permit the parcels to remain as separate lots. The petitioner's request was denied after a hearing. We affirm.

It is well established that in order to obtain area variances, a petitioner is required to establish practical difficulties (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of Cowan v Kern, 41 NY2d 591). "Though no one [factor] is necessarily controlling, the following factors have been considered significant in the context of applications for an area variance: (1) significant economic injury * * * (2) the magnitude of the desired area variance sought since the greater the deviation the more likely it is that the impact on the community will be severe * * * (3) whether the 'difficulty' alleged by the applicant was self-created" (Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135, 139-140, affd 67 NY2d 702).

Applying these guidelines to this case, the petitioner failed to show "practical difficulties". While it is true that without the requested variances the maximum profit will not be realized upon the subject parcel of land, the mere fact that the land could be used more profitably if variances are granted is insufficient to warrant granting the variances (see, Matter of Koster Keunen v Scheyer, 156 AD2d 563). Here, the degree of injury does not appear to be significant. The petitioner purchased the lots for a total sum of $150,000, and his expert witness testified that the merged lot had a potential sale value of $220,000.

Further, the area variances sought by the petitioner are fairly substantial, and thus are more likely to have an adverse impact on the surrounding neighborhood (see, Matter of Townwide Props. v Zoning Bd. of Appeals, 143 AD2d 757). The area of the lots would be about 50% less in size than what is required by the Town Code.

Since the petitioner failed to adduce proof of significant economic injury, the burden never shifted to the respondents to demonstrate that the restrictions were reasonably related to a legitimate exercise of its zoning power *(see, Matter of Cowan v Kern,* 41 NY2d 591, *supra; Matter of Braslow v Curcio,* 152 AD2d 734).

Under the circumstances we find that the determination under review was supported by substantial evidence and was neither arbitrary nor capricious *(see, Matter of Fuhst v Foley,* 45 NY2d 441, *supra; Matter of Koster Keunen v Scheyer,* 156 AD2d 563, supra). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.