■ In the Matter of DANIEL J. PILIERO et al., Appellants, v CHARLES HITCHCOCK et al., Respondents. [621 NYS2d 385] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton, dated November 12, 1991, which, after a hearing, denied the petitioners' application for area and width variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered August 13, 1992, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Upon review of the record, we agree with the Supreme Court's conclusion that the appellants failed to establish either that the original owner and developer of the subdivision in question acquired any "vested rights" in the subdivision after it was ultimately approved in 1977, pursuant to Town Law § 265-a, or that, as successors in title to the lots in question, any "vested rights" inured to the appellants' benefit.

Accordingly, they were required to obtain variances for the two lots (see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals, 77 NY2d 114, 119; Matter of Showers v Town of Poestenkill Zoning Bd. of Appeals, 176 AD2d 1157, 1158; see also, Matter of Ramapo 287 Ltd. Partnership v Village of Montebello, 165 AD2d 544, 547). Moreover, we cannot say that the determination of the Zoning Board of Appeals lacked a rational basis supported by substantial evidence in the record for its conclusion that the appellants failed to demonstrate that their compliance with the amended zoning provisions would result in "practical difficulty" to them (see, Matter of Doyle v Amster, 79 NY2d 592, 595-596; Matter of Munnelly v Town of E. Hampton, 173 AD2d 472, 473).

We have examined the appellants' remaining contention and find that it is without merit. Rosenblatt, J. P., Altman, Friedmann and Florio, JJ., concur.